■ In the Matter of WOODIE L. DURHAM, Respondent, v MICHAEL A. AMICO, as Sheriff of Erie County, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: On January 11, 1971, less than three months after petitioner's suspension and termination as a Deputy Sheriff and just three days after his acquittal on the criminal charges which had formed the basis for that suspension, petitioner requested respondent, the Sheriff of Erie County, to reinstate him to his former position. Despite petitioner's repeated attempts to obtain an answer to this request, he was not informed until October 26, 1973 that he would neither be reinstated nor be given a hearing pursuant to section 75 of the Civil Service Law. Thereafter, on November 28, 1973 petitioner instituted this article 78 proceeding. Upon the facts adduced at trial, petitioner was entitled to such a hearing prior to his termination. Although in affirming the constitutionality of the local statute which granted civil service status to Deputy Sheriffs, we held that it covered only those deputies "whose duties relate solely to criminal matters" *(Amico v Erie County Legislature,* 36 AD2d 415, 426, affd 30 NY2d 729), respondent, in support of his affirmative defense, offered no proof that petitioner's duties here related to noncriminal functions. Furthermore, petitioner's article 78 proceeding was not barred by the Statute of Limitations. Since he sought to compel respondent to hold the hearing required by section 75 of the Civil Service Law, the proceeding was in the nature of mandamus *(Matter of Perry v Blair,* 49 AD2d 309). As such, CPLR 217 provides that it "must be commenced within four months * * * after the respondent's refusal, upon the demand of the petitioner * * * to perform its duty" (see *Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430; *Matter of Perry v Blair, supra).* Mere constructive notice of this refusal will not suffice, however. Petitioner is entitled to be informed "by the person in charge" that his demand has been refused *(Matter of McDermott v Johnson,* 2 NY2d 608; see, also, 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02). Thus, inasmuch as petitioner's initial demand was timely made on January 11, 1971, the statute did not begin to run until respondent's formal refusal.

Since the evidence adduced at trial conclusively established that this refusal first came on October 27, 1973, the commencement of this proceeding just one month later was timely. (Appeal from judgment of Erie Supreme Court in article 78 proceeding for reinstatement.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.