OPINION OF THE COURT
Gabrielli, J.
Presented for our determination is the question of whether the four-month limitations period in an article 78 proceeding brought by a probationary governmental employee to review his discharge commences to run from the termination date of his employment or from the date his request for reconsideration of his discharge is denied.
Petitioner was employed in a probationary capacity by the Westchester County Department of Environmental Facilities. By letter of October 12, 1979 from the commissioner of this department he was advised that his employment would be terminated on October 25,1979. In response to this notice of termination, petitioner first commenced an administrative grievance procedure in accordance with his union’s collective bargaining agreement, which proved unavailing. Petitioner also sent a letter to the commissioner on October 29, 1979 requesting that he reconsider the decision to terminate him, alleging that the commissioner had misconstrued certain facts underlying his decision. As alleged by petitioner, he received a negative response to this letter on or about November 15, 1979.
On March 5, 1980, petitioner commenced the present article 78 proceeding to review respondent’s determination terminating his employment. Special Term dismissed the petition on the ground that the proceeding was barred by the four-month limitations period specified by CPLR 217. In doing so, the court measured this period from October 25, 1979, the date on which petitioner’s probationary employment was terminated. The Appellate Division thereof *219 ter affirmed, noting that petitioner’s application for reconsideration of an administrative decision did not extend the four-month limitations period, The dissenters below, however, concluded that this period should be measured from November 15,1979, the date on which petitioner’s demand for reinstatement was refused. The issue now presented for our consideration may thus be simply stated: does the four-month limitations period in an article 78 proceeding brought by a probationary governmental employee to challenge his discharge begin to run on the termination date of his employment or upon the subsequent denial of his request for reconsideration of his discharge?
Although the article 78 proceeding was designed to replace the three prerogative writs formerly known as certiorari, mandamus and prohibition (see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7801:1, pp 25-26), reference to these writs is still useful in determining issues concerning the measurement of the applicable Statute of Limitations. CPLR 217 provides, in pertinent part, that “[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a.body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact, or after the respondent’s refusal, upon the demand of the petitioner or - the person whom he represents, to perform its duty”. The application of this four-month limitation period to a proceeding to challenge the discharge of a governmental employee depends, of course, upon the nature of the proceeding commenced.
An article 78 proceeding to review a discharge from governmental employment falls within one of three categories. Where the employee is entitled to and receives a hearing in connection with his discharge, the proceeding is in the nature of certiorari to review. Certiorari lies to review judicial and quasi-judicial decisions of administrative bodies. (See McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7801:2, pp 26-29.) The Statute of Limitations runs from the date the administrative determination becomes final and binding.
*220 If the discharged employee is entitled to but is deprived of a hearing, his remedy is by way of mandamus to compel. This remedy lies to compel the performance of a ministerial act enjoined by law. (See McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7801:4, p 31.) As we noted in Austin v Board of Higher Educ. (5 NY2d 430, 442), “in the case of a proceeding in the nature of mandamus, the aggrievement does not arise from the final determination but from the refusal of the body or officer to act or to perform a duty enjoined by law.” Accordingly, the limitations period for a discharged employee who has been denied a right to a mandated hearing runs from the date his demand for reinstatement was refused.
When an employee is not entitled to a hearing in connection with his discharge, his remedy is by way of mandamus to review. (See McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7801:3, pp 30-31.) The present derivation of this ancient writ permits the employee to question whether his discharge was arbitrary, unreasonable or capricious. The limitations period for this proceeding runs from the date the determination sought to be reviewed becomes final and binding. Thus, the period runs from the notice of discharge, or the effective date of discharge, if later (Matter of Wininger v Williamson, 46 AD2d 689).
In the present case, it is clear that petitioner’s article 78 proceeding is in the nature of mandamus to review. As a probationary employee, petitioner was not entitled to a hearing in connection with his discharge (Matter of Perry v Blair, 49 AD2d 309, 313; Matter of Ramos v Department of Mental Hygiene, 34 AD2d 925). Hence, the four-month limitations period of CPLR 217 began to run on October 25, 1979, the date of petitioner’s dismissal, and the present article 78 proceeding is therefore untimely. Petitioner’s application for reconsideration of this administrative determination did not serve to extend the four-month limitations period (see Matter of Fiore v Board of Educ., 48 AD2d 850, affd 39 NY2d 1016; Matter of Wininger v Williamson, supra).
The reliance placed by petitioner on Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y. (52 *221 AD2d 357, affd 41 NY2d 1061) is misplaced and uftavailing. There, a governmental employee was discharged without the benefit of the hearings to which he was entitled* and, thus, it was there proper to conclude that the employee was not required to seek reinstatement within four months from discharge, but could instead delay until such time as requested reinstatement had been refused. In the present case, in contrast, petitioner clearly had no right to a hearing, nor did he seek one, and the limitations period therefore ran from his date of discharge.
Petitioner raises one further issue concerning the timeliness of his petition which deserves brief mention. In August of 1979 petitioner contracted an eye disorder allegedly arising out of his work environment. In the letter notifying petitioner of his discharge from employment, the commissioner listed as reasons for petitioner’s discharge both his poor attendance record before and after the eye problems arose and also his failure to respond to inquiries by the department concerning his attendance following the injury. Petitioner later claimed in his letter requesting reinstatement that he had valid medical reasons for missing work after August, 1979 and, that he had not received his employer’s letter of October 10, 1979 directing him to return to work until after his employment was terminated. This letter, however, gave no explanation for his poor attendance record prior to the date on which his eye disorder began. Petitioner now argues that his proceeding is timely because it does not actually seek review of his discharge, but instead seeks review of the decision to deny his reinstatement. He begins by noting that the article 78 proceeding is designed in part to overturn the arbitrary and capricious action of administrative agencies. In this vein, petitioner maintains that the allegedly arbitrary decision to deny him reinstatement is the decision he now wants reviewed. In presenting this second issue he does not press review of the original decision to discharge him from *222 employment. Rather, he maintains that his original discharge on October 25, 1979, since based upon erroneous information, was not arbitrary or capricious because this information, if true, would readily provide grounds for termination. The crux of his argument is that the commissioner’s later decision to deny petitioner reinstatement, coming áfter petitioner supplied the commissioner with assertedly correct information and an explanation for his conduct, was arbitrary and capricious and is the true determination from which petitioner now seeks review.
We find this line of argument to be unpersuasive. Initially, we note that in form and content the petition in this case relates only to the commissioner’s determination to dismiss petitioner. No reference is included, either factually, by implication or argumentatively, to the November 15 denial of petitioner’s application for reinstatement. Moreover, when petitioner’s present argument is stripped of its veneer, it is apparent that he merely seeks to extend the Statute of Limitations by commencing it from the date a requested reconsideration of an administrative determination is denied. The rule that the four-month limitations period begins to run on the date that the determination to be reviewed becomes final and binding would be completely emasculated if the petitioner could extend the commencement of this period by merely requesting that reconsideration be given to a prior decision because it is asserted that the earlier decision was based upon facts which were misconstrued. It is inescapable in this instance that the limitations period began to run from the date of petitioner’s original discharge.
We therefore conclude that the petition was properly dismissed as untimely because this article 78 proceeding to review the discharge of petitioner, who had no entitlement to a hearing, was commenced more than four months after the determination to be reviewed became final and binding.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*223 Chief Judge Cooke and Judges Jasen, Wachtler, Fuchsberg and Meyer concur; Judge Jones taking no part.
Order affirmed.

 Likewise unavailing is the statement in Matter of Sirles v Cordary (49 AD2d 330, 332, affd 40 NY2d 950), which petitioner urges upon us, concerning the right of an employee discharged without a hearing to delay until such time as he has demanded and been refused reinstatement. In Sirles, although the employee’s collective bargaining agreement contained a hearing provision, it was determined as a matter of public policy that his employer would not be subjected to this provision. As we have noted, the statement in Sirles concerning the timeliness of the employee’s petition generally is correct only as to a case in which the employee was entitled to a hearing.