OPINION OF THE COURT
John W. Grow, J.
The issue presented before this court is whether the respondent City of Syracuse may suspend a police officer’s salary without an evidentiary hearing for failure to report for regular duty after he has been certified as physically able to work pursuant to section 207-c of the General Municipal Law.
Petitioner Thomas Goglia claims that he is disabled from performing his duties as a police officer for the City of Syracuse due to a series of back injuries he sustained in 1972, 1974, and 1978. During a period of disability from March 1, 1980, to January 13, 1983, he was paid his regular salary pursuant to section 207-c of the General Municipal Law. Petitioner was examined in the latter part of 1982 by two physicians on behalf of the city. These doctors certified that petitioner was fit for regular duty. By letter dated January 10,1983, he was ordered to report for regular duty on January 13 or be suspended without pay. Petitioner also spoke with Captain Van Der Water of the *908 personnel division. He informed Officer Goglia that the city no longer considered him to be disabled and that if he failed to report for duty his pay would be suspended. The petitioner contends this conversation took place on January 19 and Captain Van Der Water claims it occurred between January 11 and 13.
Petitioner, as ordered, returned to work on January 13. Allegedly because of his back injury, he failed to report for duty January 15, a half day January 23, and has not worked since January 26, 1983. On January 20, 1983, the petitioner made a written request for a transfer to lighter duty in the radio room; this request was denied. On May 17, 1983, this proceeding was commenced.
Subdivision 1 of section 207-c of the General Municipal Law provides that a municipality shall not be liable for payment of a police officer’s salary if an appointed physician or the municipal health authorities certify that the police officer has recovered from illness or injury and is physically able to perform his regular duties. The statute also permits the municipality to discontinue payment if the physician or health authorities determine that the police officer is able to perform specified types of light police duty, and he refuses (§ 207-c, subd 3). Payment of the full amount of salary shall be discontinued in the event that the policeman is granted an accidental disability retirement allowance (§ 207-c, subd 2).*
The suspension of the petitioner’s salary was improper in this case because he was not granted an evidentiary hearing. In Matter of Hodella v Chief of Police of Town of Greenburgh (73 AD2d 967), the Second Department held that a police officer’s salary may not be discontinued for refusal to perform light police duty, pursuant to *909 provisions of subdivision 3, in the absence of an evidentiary hearing. The court stated: “Although subdivision 3 of section 207-c of the General Municipal Law grants municipalities the right to discontinue the salary of partially injured police officers who refuse to perform assigned light work, this great power may not be exercised summarily where, as here, the officer has received a permanent appointment. Rather, subdivision 3 should be read in conjunction with section 75 of the Civil Service Law and the constitutional guarantees of due process, which require that petitioner, as a permanent civil service appointee, be granted an evidentiary hearing, with notice and opportunity to be heard, where removal or other disciplinary action is sought (see Matter of Fiorella v Village of Scarsdale, 96 Misc 2d 406; cf. Matter of Johnson v Director, Downstate Med. Center, 41 NY2d 1061, affg 52 AD2d 357)”. *(Matter of Hodella v Chief of Police of Town of Greenburgh, 73 AD2d 967, 968, supra; emphasis added.) As in Hodella, the petitioner in this case is a permanent civil service appointee. The same right to an evidentiary hearing obviously exists where an officer’s salary has been discontinued pursuant to the provisions of subdivision 1 rather than subdivision 3.
Respondents claim that they may discontinue salary payments without a prior evidentiary hearing. They further contend that petitioner is entitled to a hearing before this court on the issue of whether their determination was arbitrary or capricious, pursuant to CPLR article 78. In support of the proposition that a prior evidentiary hearing is no longer required, respondents rely upon language in the more recent decision of the Second Department, King v City of Newburgh (84 AD2d 388). In King, the court held that the initial determination of whether an illness was job related (under § 207-a) is to be made by the municipality and may be appealed pursuant to article 78. The issue of whether such a determination must be accompanied by an evidentiary hearing was simply not at issue in the case. Similarly, in Matter of Klonowski v Department of Fire of City of Auburn (58 NY2d 398), cited by respondents, the issue of whether a hearing is required was not before the court.
*910 Respondents have also asserted the defense of the Statute of Limitations. They contend that this proceeding was commenced more than four months after the petitioner was advised by Captain Van Der Water that his pay "would be suspended if he failed to report to work. (As previously stated, the date of this conversation is disputed.) Petitioner contends this proceeding was brought within four months of this conversation, or, in the alternative, that his claim did not accrue until his salary was suspended. It is not evident from the affidavits before this court whether the petitioner’s salary was suspended on the first day he was absent from work (Jan. 15) or at some time thereafter.
The date that the Statute of Limitations begins to run in an article 78 proceeding depends upon whether the proceeding can be characterized as a proceeding in the nature of certiorari, mandamus, or prohibition. In a similar case, the Fourth Department has characterized a proceeding to review salary suspension as a proceeding in the nature of mandamus to compel a body or officer to act or perform a duty enjoined by law (Matter of Gargiul v Board of Educ., 54 AD2d 1085, 1086). The Statute of Limitations begins to run from the date that the employee’s demand for reinstatement is denied, assuming that the employee has not delayed in demanding reinstatement so as to be guilty of laches (supra, at p 1087). (See, also, Matter of De Milio v Borghard, 55 NY2d 216, 220; Matter of Whitmarsh v Incorporated Vil. of Oyster Bay Cove of Town of Oyster Bay, 65 AD2d 821; Matter of Johnson v Director, Downstate Med. Center, 52 AD2d 357, affd 41 NY2d 1061.) In the present case, the petitioner demanded reinstatement to light duty on January 20, 1983; thus, this proceeding is timely.
Respondents are directed to resume payment of petitioner’s salary and benefits retroactive to the date of suspension. The issue of whether the respondents may suspend future payments should be determined after an evidentiary hearing pursuant to section 75 of the Civil Service Law.

 The City of Syracuse filed an application on petitioner’s behalf for an accidental disability retirement allowance with the New York State Retirement System. The denial of that application was on appeal at the time this proceeding was commenced. It should be noted that the denial of an accidental disability retirement allowance may not serve as the basis for termination under section 73 of the Civil Service Law as the “standards required by the Retirement and Social Security Law and the General Municipal Law for proof of service-related injuries are not alike” (Matter of Ross v Town Bd. of Town of Ramapo, 78 AD2d 666). Petitioner claims that the respondents acted improperly in demanding that he return to work prior to the determination of the appeal. There is no requirement that the municipality await the final determination of an application for an accidental disability retirement allowance before it may suspend the salary of a policeman who has been certified as fit for regular duty.