■ HOWARD A. NICKERSON et al., Appellants, v CITY OF JAMESTOWN et al., Respondents.—Judgment unanimously reversed on the law with costs, motion denied and petition reinstated. Memorandum: Petitioners appeal from a judgment that dismissed their CPLR article 78 petition on the ground that it was commenced beyond the four-month Statute of Limitations. We agree with petitioners' contention that the proceeding is not time-barred. Generally, "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). An administrative determination is not "final and binding" unless the determination is formal, explicit, and unequivocal and unless petitioner receives notice of it *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834; *Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 358; *City of New York v State of New York,* 40 NY2d 659, 670 [dictum]; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127). The drafters of the CPLR, in adopting the pertinent language, rejected a legislative proposal that would have provided for the accrual of an article 78 claim upon an "express or implied" determination *(see, Matter of Castaways Motel v Schuyler, supra; see also, City of New York v State of New York, supra).* Because a party or his counsel should not have to guess when a "final and binding" determination has been made, the courts place the burden upon the administrative agency to demonstrate the existence of a final and binding determination, and any ambiguity created by the agency must be construed against it *(Mundy v Nassau County Civ. Serv. Commn., supra; Matter of Castaways Motel v Schuyler, supra).* Further, the notice requirement is strictly enforced because "a petitioner should not be held to have been dilatory in challenging the determination of which he was not aware" *(Matter of Biondo v New York State Bd. of Parole, supra,* at 834).

Here, respondents have failed to sustain their burden of showing that, more than four months prior to commencement of this proceeding, they gave petitioner notice of a formal, unequivocal, and final determination to deny him benefits under section 207-a of the General Municipal Law. The record is devoid of any determination, formal or informal, equivocal or clear. At most, respondent made an implied determination to deny Nickerson section 207-a benefits when it maintained him on its regular payroll and charged him vacation pay and

non-line of duty sick leave. Moreover, there is no proof in the record that petitioners were notified of even that implied determination. Thus, we conclude that the proceeding is timely. (Appeal from Judgment of Supreme Court, Chautauqua County, Ricotta, J.—Article 78.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.