■ In the Matter of THERESA E. S. JOHNSON, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [717 NYS2d 102] —Judgment, Supreme Court, New York County (Michael Stallman, J.), entered August 12, 1999, which, in a CPLR article 78 proceeding to annul respondent New York City Employees' Retirement System's determination denying petitioner's application for a disability retirement, granted respondent's motion to dismiss the petition as time-barred, unanimously affirmed, without costs.

Respondent's determination denying petitioner a disability retirement became final and binding, and thus the four-month Statute of Limitations in CPLR 217 began to run, on or about February 20, 1998, when, respondent, by letter, advised petitioner of the denial of her application. The proceeding, which was not commenced until on or about January 20, 1999, is therefore time-barred. Petitioner's second application, submitted July 16, 1998 without any new or additional evidence as required by respondent's rule 23 (a) (2) (b), was, in effect, a request for reconsideration of respondent's February 20, 1998 determination, and, as such, did not extend the limitations period (see, Matter of De Milio v Borghard, 55 NY2d 216, 220, 222). Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES QUALLS, Appellant. [716 NYS2d 307] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered November 14, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court's charge, read as a whole, properly instructed the jury on the evaluation of identification evidence and police testimony. In any event, were we to find any error in the court's mention of the specialized training of the police witnesses as a factor to consider in evaluating their identification testimony, we would find the error to be harmless in light of the overwhelming evidence of defendant's guilt.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.