Appeal from a judgment (denominated order and judgment) of Supreme Court, Erie County (Notaro, J.), entered June 13, 2002, which dismissed the CPLR article 78 petition.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking a judgment directing respondent City of Buffalo (City) to pay him supplemental wages and benefits pursuant to General Municipal Law § 207-a (2) or, alternatively, to conduct a hearing on his eligibility for such benefits. In their answer, respondents asserted the statute of limitations as an affirmative defense. Supreme Court properly dismissed the petition as time-barred. The New York State Police and Fire Retirement System granted petitioner a performance of duty disability retirement and, by letter dated June 12, 2001, the City informed petitioner that he was not eligible for supplemental wages and benefits pursuant to General Municipal Law § 207-a (2). On September 4, 2001, petitioner served a demand for such wages and benefits upon the City or, alternatively, for a hearing to determine his eligibility for those wages and benefits. Petitioner thereafter commenced this proceeding on December 24, 2001. Contrary to petitioner’s contention, this proceeding is in the nature of mandamus to review, not mandamus to compel the performance of a statutory duty (see Matter of Dearman v City of White Plains, 237 AD2d 603 [1997]), and the statute of limitations thus began to run on June 12, 2001, the date on which the City’s determination became final and binding on petitioner (see CPLR 217 [1]; Matter of De Milio v Borghard, 55 NY2d 216, 220 [1982]; Matter of *1039 Gruosso v County of Nassau, 264 AD2d 396 [1999]). The City’s determination was “formal, explicit, and unequivocal” and was thus final on that date (Nickerson v City of Jamestown, 178 AD2d 1003, 1003 [1991]). Petitioner’s subsequent demand for supplemental wages and benefits or for a hearing was at most a request for reconsideration of the City’s determination and did not toll or revive the statute of limitations (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983], rearg denied 61 NY2d 905, 62 NY2d 803 [1984], cert denied 469 US 823 [1984]). Present—Pigott, Jr., EJ., Green, Scudder, Kehoe and Hayes, JJ.