[774 NYS2d 214]

In the Matter of KAREN HECK, Respondent, v CORNELIUS KEANE, as Commissioner of Fire for the City of Buffalo, et al., Appellants.

Fourth Department, March 19, 2004

### APPEARANCES OF COUNSEL

*Michael B. Risman, Corporation Counsel*, Buffalo (*Christopher M. Putrino* of counsel), for appellants.

*Richard H. Wyssling*, Buffalo, for respondent.

### OPINION OF THE COURT

HURLBUTT, J.

The threshold issue before us on this appeal is whether a CPLR article 78 proceeding seeking the reinstatement of General Municipal Law § 207-a (2) benefits is barred by the applicable statute of limitations (*see* CPLR 217 [1]). The resolution of that issue depends on whether the proceeding is in the nature of mandamus to review or mandamus to compel. We conclude that, because petitioner was entitled to a hearing before her section 207-a (2) benefits could be terminated, the proceeding is in the nature of mandamus to compel and that the four-month limitations period prescribed by CPLR 217 therefore is measured from the date on which petitioner received notice of respondents' refusal to comply with her demand for either rein-

statement of the benefits or a hearing.* Because the proceeding was filed within four months of that refusal, it is not time-barred. Having thus resolved the threshold issue of timeliness in petitioner's favor, we further conclude with respect to the merits of this proceeding that Supreme Court properly directed the reinstatement of petitioner's section 207-a benefits pending a determination whether petitioner is entitled to such benefits following a hearing before an impartial arbiter.

The underlying facts are simply stated. Petitioner, a dispatcher in the Fire Department of respondent City of Buffalo (City), stopped working on January 17, 1995 and made a claim for General Municipal Law § 207-a (1) benefits on the ground that her disabling mental condition resulted from work-related stress. Following a hearing conducted pursuant to a memorandum of agreement between the City and the firefighters' union, the Hearing Officer found that petitioner was not disabled and, by letter dated August 13, 1997, she was ordered to report to work on August 20, 1997 for light duty. Petitioner reported for work as directed, but she immediately left due to an alleged recurrence of her disabling symptoms and did not return. Petitioner also had applied for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 363-c, and she was awarded such benefits on March 10, 1998. The State Comptroller established the effective date of those benefits as May 4, 1998, and the City thereupon commenced paying petitioner the difference between her pension allowance and her regular salary as of that date, pursuant to General Municipal Law § 207-a (2).

Those payments continued until respondent Cornelius Keane, the Commissioner of the Fire Department, notified petitioner by letter dated May 29, 2001 that the City had "reexamined" her section 207-a (2) award and had "determined that all payments . . . [were] in error" because of the determination of the Hearing Officer in 1997 that she was not entitled to section 207-a (1) benefits. By letter of her attorney dated July 13, 2001, petitioner demanded that the section 207-a (2) benefits be reinstated retroactive to May 29, 2001 or, in the alternative,

---

\* We note that, although the relevant date ordinarily is the date on which the petitioner received notice (*see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]; *Matter of Edwards v Coughlin*, 191 AD2d 1044, 1045 [1993]), here there is no evidence of that date. Rather, the parties herein rely on the dates that appear on respondents' two letters at issue, i.e., May 29, 2001 and July 19, 2001, as the relevant dates. Any time lapse between the mailing and receipt of those letters is, in this case, immaterial.

that a hearing be conducted on the issue of her entitlement to such benefits. By letter dated July 19, 2001, respondents denied both the demand for reinstatement of benefits and the alternative demand for a hearing. Petitioner commenced this CPLR article 78 proceeding on November 16, 2001.

In their answer, respondents asserted, inter alia, that the proceeding was not commenced within the four-month limitations period set forth in CPLR 217 (1) and that the termination of petitioner's section 207-a benefits was lawful and proper. In granting the petition, the court directed that petitioner's benefits be reinstated retroactive to May 29, 2001 and continue until such time as "an impartial Arbiter determines [following a hearing] that the Petitioner's benefits should be discontinued."

■ Contrary to respondents' contention, we conclude that this proceeding is not time-barred. Petitioner commenced this proceeding on November 16, 2001, more than four months after the May 29, 2001 letter terminating her benefits, but within four months of the July 19, 2001 letter refusing her demand for either reinstatement of the benefits or a hearing. Resolution of the statute of limitations issue thus depends on which of those two letters triggered the running of the four-month limitations period of CPLR 217 (1), which in turn depends on whether this proceeding is in the nature of mandamus to review or mandamus to compel. If the proceeding is in the nature of mandamus to review, the limitations period commenced on May 29, 2001. Pursuant to the letter of that date, respondents' determination to terminate petitioner's section 207-a (2) benefits was formally, explicitly and unequivocally communicated to petitioner (*see Nickerson v City of Jamestown*, 178 AD2d 1003 [1991]) and thus became final and binding within the meaning of CPLR 217 (*see Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]). If, however, the proceeding is in the nature of mandamus to compel, then the limitations period did not commence until July 19, 2001, when by their letter of that date respondents denied petitioner's demand for reinstatement of the section 207-a (2) benefits or, in the alternative, for a hearing (*see* CPLR 217 [1]).

Whether this proceeding is in the nature of mandamus to compel or mandamus to review turns on whether petitioner was entitled to a hearing before her benefits were terminated (*see Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]). Because she was paid section 207-a (2) benefits for three years, petitioner acquired a property interest in her right to those benefits, "giving rise to procedural due process protection,

under the Fourteenth Amendment, before those [benefits could be] terminated" (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691 [2000]). Petitioner was therefore entitled to a hearing (*see id.*) and, accordingly, this proceeding is in the nature of mandamus "to compel the performance of a ministerial act [imposed] by law" (*De Milio*, 55 NY2d at 220). The statute of limitations thus did not begin to run until July 19, 2001, the date of the letter by which respondents refused petitioner's demand that they perform the duty imposed on them by law either to reinstate the benefits or to conduct a hearing (*see* CPLR 217 [1]; *Goglia v Sardino*, 119 Misc 2d 907, 910 [1983], *affd* 101 AD2d 1013 [1984], *affd* 64 NY2d 1084 [1985]; *De Milio*, 55 NY2d at 220; *Matter of Durham v Amico*, 52 AD2d 724 [1976]; *Matter of Perry v Blair*, 49 AD2d 309, 313-314 [1975]; *cf. Matter of Armstrong v Centerville Fire Co.*, 83 NY2d 937, 939 [1994]). The proceeding was therefore timely commenced.

Our decision in *Matter of Dahn v Keane* (1 AD3d 1038 [2003]) is not to the contrary. There, as here, a CPLR article 78 proceeding was commenced seeking payment of section 207-a (2) benefits or, alternatively, a hearing. Our conclusion that the proceeding in *Dahn* was in the nature of mandamus to review is inapposite here. In *Dahn,* the challenged determination was the denial of the petitioner's initial application for section 207-a (2) benefits and not, as here, the termination of such benefits previously awarded and paid for three years. *Dahn* therefore did not involve the vested due process right to a hearing present herein.

■ With respect to the merits of the petition, respondents contend that their determination to terminate petitioner's section 207-a (2) benefits should not be disturbed because such determination was "rationally based upon all pertinent evidence" and petitioner "received all due process prior to denial of her . . . claim." We reject that contention. The record establishes that respondents considered no evidence other than their records concerning the August 13, 1997 denial of petitioner's claim for section 207-a (1) benefits. Respondents failed to consider the subsequent inability of petitioner to perform her duties on August 20, 1997, the award of Retirement and Social Security Law § 363-c performance of duty disability retirement benefits effective May 4, 1998, and the independent psychiatric evaluations of petitioner made in connection therewith. The issue of petitioner's eligibility for section 207-a (2) benefits following the State Comptroller's determination to award performance of

duty disability retirement benefits was separate from the issue of petitioner's eligibility for section 207-a (1) benefits, and, although the award of performance of duty disability retirement benefits is not binding on respondents (*see Matter of Cook v City of Utica*, 88 NY2d 833, 835 [1996]), petitioner was entitled to a separate determination of her section 207-a (2) eligibility (*see Matter of Brzostek v City of Syracuse*, 238 AD2d 947, 948 [1997], *lv dismissed* 92 NY2d 1026 [1998]). In addition, as we previously noted herein, because petitioner was awarded section 207-a (2) benefits and received them for three years, she had a due process right to a hearing before those benefits could be terminated (*see Goglia*, 119 Misc 2d at 908-909; *De Milio,* 55 NY2d at 220; *Perry,* 49 AD2d at 313-314). Finally, in light of the decision of the Court of Appeals in *Matter of Theroux v Reilly* (1 NY3d 232 [2003]), respondents' contention that petitioner is not eligible for section 207-a (2) benefits because her disability did not result from the performance of "heightened risk" work is likewise meritless.

Accordingly, we conclude that the judgment should be affirmed.

PIGOTT, JR., P.J., GREEN, WISNER and GORSKI, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.