OPINION OF THE COURT
Jonathan Lippman, J.
Factual Background
On or about July 3, 1986, petitioner commenced employment as a firefighter for respondent, the Fairview Fire District. *272 Petitioner alleges that, on November 13, 1993, he sustained injuries while on duty. In particular, he avers that he suffered a lower back injury while lifting a 350-pound woman when a stretcher’s wheel was not chucked and the stretcher moved (petition, exhibit B).
Thereafter, the parties were involved in a series of disputes. Petitioner claimed entitlement to disability benefits under General Municipal Law § 207-a, which claim was denied by respondent. On July 14, 1994, he filed an application with the New York State and Local Police and Fire Retirement System for line of duty disability retirement benefits pursuant to Retirement and Social Security Law § 363-c. Following the denial of the initial application by the New York State Comptroller on August 1, 1995, petitioner sought reconsideration of the Comptroller’s determination while he continued in the employment of respondent.
By charges dated July 19, 1996, respondent commenced a disciplinary action against petitioner. On September 6, 1996, after reconsideration, the Comptroller granted petitioner performance of duty disability retirement effective retroactively to August 1, 1995. Petitioner then commenced a CPLR article 78 proceeding in Supreme Court, Westchester County (Index No. 17631/96) to enjoin the disciplinary action brought by respondent against him. By decision and judgment of the Honorable Daniel D. Angiolillo, J.S.C., filed and entered on August 25, 1997, the petition was denied. Petitioner filed an appeal to this decision.
On January 22,1998, the parties signed a stipulation of settlement with respect to this proceeding. The January 22, 1998 stipulation provided as follows:
1. Lance C. McGowan, Sr. pleads guilty to the charges dated July 19, 1996.
2. Lance C. McGowan, Sr. accepts his retirement from the Fairview Fire District and forever waives any and all rights he may have to further employment by the Fairview Fire District, no matter the source or basis of any such right, whether based upon any right which may presently exist or which may be created in the future.
3. In full satisfaction of the charges dated July 19, 1996, Lance C. McGowan, Sr. agrees to accept a disentitlement from any General Municipal Law § 207-a (2) wage supplement which may otherwise result from the hearing before the Honorable Charles Bradley for a five-year period beginning December 20, 1996 and ending December 19, 2001.
*273 4. The Fairview Fire District agrees to accept the aforesaid in full and final satisfaction of all charges dated July 19, 1996.
5. Lance C. McGowan, Sr. agrees to withdraw the appeal presently pending in the Appellate Division under docket number 97-09024. (Stipulation attached to Conrow affidavit as exhibit Z.)
In or about April 1998, the parties entered into another stipulation of settlement (petition, exhibit A).[1] The April 1998 stipulation recites that petitioner alleged line of duty injuries while in the employ of respondent, which injuries he claims as a basis for entitlement to benefits under General Municipal Law § 207-a, and “which claims for entitlement have been denied” by respondent. This stipulation states that respondent reviewed petitioner’s medical records in connection with his claim. The April 1998 stipulation also states that “there is presently a hearing before the Hon. Charles Bradley, as designee of the Board of Fire Commissioner, on the issue of the entitlement of Lance C. McGowan, Sr., to benefits under General Municipal Law Section 207-a.” The April 1998 stipulation provides as follows:
1. The Fairview Fire District agrees to accept the claim of Lance C. McGowan, Sr. for General Municipal Law § 207-a benefits in connection with the injury of November 13, 1993.
2. The Fairview Fire District agrees to pay Lance C. McGowan, Sr. the General Municipal Law § 207-a wage supplement from and following March 1, 2004.
3. Lance C. McGowan, Sr. agrees that the obligation of the Fairview Fire District to pay the aforesaid General Municipal Law § 207-a supplement is subject to the payment of reimbursement in the amount of $18,200 annually to the Fairview Fire District by the State Insurance Fund in connection with this injury. Provided, however, that any suspension or cessation of such reimbursement payment is the result of action or failure to act on the part of Lance McGowan, Sr., and the Fairview Fire District reserves the right to reduce the aforesaid General Municipal Law § 207-a wage supplement by the amount of any reduction in the reimbursement paid to the Fairview Fire *274 District by the State Insurance Fund or its successor. Further, Lance C. McGowan, Sr. agrees to cooperate fully at all times with the Fairview Fire District and/or the State Insurance Fund or its successor in connection with such reimbursement entitlement.
4. The Fairview Fire District expressly reserves its rights, pursuant to the applicable provisions of General Municipal Law § 207-a to cease and/or seek refund for payment of the aforesaid wage supplement in the event Lance C. McGowan, Sr. engages in any employment, as determined by an administrative hearing at which Lance C. McGowan, Sr. has been provided an opportunity to be heard.
On or about March 1, 2004, respondent commenced payment to petitioner of General Municipal Law § 207-a (2) supplemental wage benefits.
By letter dated November 3, 2004, respondent notified petitioner that “pursuant to the District’s rights under General Municipal Law § 207-a, you have been scheduled to attend an Independent Medical Examination to be conducted by Dr. Warren Silverman in Latham, NY on December 1, 2004 at 10AM.”
On December 1, 2004, petitioner submitted to the examination and Dr. Silverman issued a report. Two months later, by letter dated February 4, 2005, respondent notified petitioner as follows:
“Please be advised that we have received the independent medical exam from Dr. Warren Silverman who indicates that you do not currently suffer from a work related disability. A copy of Dr. Silverman’s report is enclosed. As you are aware, General Municipal Law Section 207-a (2) benefits are only payable if there is a disability that resulted from a work related injury. Therefore, effective immediately, the Fairview Fire District is terminating your 207-a (2) benefits. If you disagree with this determination, you may request an appeal hearing and must serve a written request for said appeal upon the District within ten days of the receipt of this determination.”
Notwithstanding respondent’s assertion in the February 4, 2005 letter that it was then immediately terminating petitioner’s disability benefits, it has apparently continued to make such payments to date. Petitioner appealed respondent’s determination and, ultimately, on January 9, 10 and 11, 2006, hearings *275 were held before an administrative hearing officer. Petitioner objected to the authority of respondent to hold the hearings and made a motion before the hearing officer to enjoin the proceedings. On February 5, 2006, the hearing officer issued a determination on petitioner’s motion finding that respondent did have jurisdiction to hold the hearings, and, in particular, that respondent had the authority to review petitioner’s medical status and make a determination that his medical condition has improved to such an extent that he is no longer disabled and is no longer entitled to supplemental wage benefits purportedly pursuant to General Municipal Law § 207-a (2).
On July 21, 2006, petitioner commenced this proceeding seeking a judgment to annul the hearing officer’s determination and for a judgment enjoining respondent from bringing any further proceedings to terminate his General Municipal Law § 207-a (2) supplemental wage benefits.
Discussion
As noted by petitioner herein, there are no reported cases in New York on point in which a municipal employer has been permitted to reconsider its award of disability benefits to a firefighter after it has made a determination to award such benefits pursuant to General Municipal Law § 207-a (2), relating to permanently disabled and retired firefighters, based on an alleged change in the firefighter’s medical and physical condition or its claim that the disability was not causally related. Therefore, the issue presented by this proceeding appears to be one of first impression.
General Municipal Law § 207-a provides in pertinent part as follows:
“1. Any paid fireman which term as used in this section shall mean any paid officer or member of an organized fire company or fire department of a city of less than one million population, or town, village or fire district, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality or fire district by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition, such municipality or fire district shall be liable for all medical treatment and hospital care furnished during such disability. *276 Provided, however, and notwithstanding the foregoing provisions of this section, the municipal health authorities or any physician appointed for the purpose by the municipality or fire district, may attend, any such injured or sick fireman, from time to time, for the purpose of providing medical, surgical or other treatment, or for making inspections and the municipality or fire district shall not be liable for salary or wages payable to such a fireman, or for the cost of medical or hospital care or treatment furnished, after such date as the health authorities or such physician shall certify that such injured or sick fireman has recovered and is physically able to perform his regular duties in the company or department. Any injured or sick fireman who shall refuse to accept such medical treatment or hospital care or shall refuse to permit medical inspections as herein authorized, including examinations resulting from the application of subdivision two hereof, shall be deemed to have waived his rights under this section in respect to expenses incurred for medical treatment or hospital care or salary or wages payable after such refusal.
“Notwithstanding any provision of law to the contrary, a provider of medical treatment or hospital care furnished pursuant to the provisions of this section shall not collect or attempt to collect reimbursement for such treatment or care from any such member of the fire department of any such city.
“2. Payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to any fireman who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties if such fireman is granted an accidental disability retirement allowance pursuant to section three hundred sixty-three of the retirement and social security law, a retirement for disability incurred in performance of duty allowance pursuant to section three hundred sixty-three-c of the retirement and social security law or similar accidental disability pension provided by the pension fund of which he is a member; provided, however, that in any such case such fireman shall continue to receive from the municipality or fire district by *277 which he is employed, until such time as he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service, the difference between the amounts received under such allowance or pension and the amount of his regular salary or wages. Any payment made by a municipal corporation or fire district pursuant to the provisions of this subdivision shall be deemed to have been made for a valid and lawful public purpose. If application for such retirement allowance or pension is not made by such fireman, application therefor may be made by the head of the fire company or fire department or as otherwise provided by the fire district or by the chief executive officer or local legislative body of the municipality by which such fireman is employed. If such application for accidental disability retirement allowance or retirement for disability incurred in performance of duty allowance is denied, the fire district or municipal corporation by which such fireman is employed may appeal such determination.” (Emphasis added.)
Clearly, General Municipal Law § 207-a (1) provides the authority for a municipality to monitor the physical condition of a paid fireman who is disabled until his disability ceases in order to determine continued eligibility for General Municipal Law § 207-a (1) benefits. Respondent argues that the provisions relating to such review contained in General Municipal Law § 207-a (1) also apply to permanently disabled firefighters receiving benefits pursuant to General Municipal Law § 207-a (2). Further, respondent argues that, since General Municipal Law § 207-a (2) specifically states that the payment of supplemental benefits pursuant thereto will be deemed a payment for a “valid and lawful purpose,” the municipal employer has a right and responsibility to ensure that such payments are made for a valid and lawful purpose (Conrow affidavit 1Í1Í 60-63).
While respondent’s arguments in support of a municipality’s right to protect the public fisc may be compelling, its proposed construction is contrary to the plain and unambiguous wording of the statute. General Municipal Law § 207-a (2) is devoid of any reference to a municipality’s authority to continue to monitor the medical condition of retired firefighters deemed permanently disabled, in stark contrast to the explicit provision *278 of General Municipal Law § 207-a (1) relating to paid firemen. Simply stated, had the Legislature intended to provide for such authority, it would have done so. Accordingly, this court cannot read such authority into General Municipal Law § 207-a (2) (see Matter of Sutka v Conners, 73 NY2d 395 [1989]).
Moreover, respondent’s construction of the statute does not reflect the purpose of General Municipal Law § 207-a (2). In 1977, General Municipal Law § 207-a was amended by adding subdivisions (2) through (6) (L 1977, ch 965 [eff Jan. 1, 1978]). Prior to the amendment, the statute provided that firefighters disabled in the course of duty were to be paid the full payment of regular salary or wages until their disability ceased. These payments continued so long as the firefighter did not recover from his or her injury, even if the firefighter remained disabled for the remainder of his or her life (Matter of Mashnouk v Miles, 55 NY2d 80, 84 [1982]). As explained by the Court of Appeals:
“The former statute was the subject of a great deal of criticism. The excessive cost of carrying disabled firemen on the public payroll at full salary, sometimes for life, often prevented local municipalities from employing an adequate force of able-bodied fire fighters. Moreover, the former statute, by guaranteeing full salary after disability, provided no incentive to an injured fire fighter to accept the lesser amounts paid under the disability retirement provisions, and the municipality was without power to involuntarily retire a fireman even though he was permanently disabled” (id. at 84-85 [citations omitted]).
The Court of Appeals further concluded that:
“The relevant memoranda submitted to the Legislature in connection with the amendment indicate that the primary aim of the new statute was to shift a large portion of the financial burden generated by disabled fire fighters from the municipal payrolls to the appropriate retirement system or pension fund. Aside from partially shifting the source of the payments made to disabled fire fighters, there is no indication that the Legislature also intended to reduce the amount of such payments” (id. at 87 [citations omitted]).
Therefore, by the amendment of General Municipal Law § 207-a, with the addition of subdivision (2), the Legislature specifically provided for separate categories of disabled firelight *279 ers — firefighters who are rendered temporarily disabled and firefighters who are deemed permanently disabled and entitled to distinct disability benefits.[2] Accordingly, separate determinations with respect to entitlement of benefits pursuant to subdivisions (1) and (2) of General Municipal Law § 207-a must be made (see Matter of Brzostek v City of Syracuse, 238 AD2d 947, 948 [1997]).
Similarly, respondent’s interpretation would render all municipal determinations in this regard inconclusive and subject to further review and redetermination. Such an exposition is incongruous with the spirit of the statute. In Matter of DePoalo v County of Schenectady (85 NY2d 527 [1995]), the Court of Appeals held that General Municipal Law § 207-c, the statute relating to benefits for disabled police officers, authorizes a municipality to direct an applicant to undergo a medical examination to provide information upon which the municipality may make a determination that an injury or illness occurred in the performance of duty prior to the awarding of benefits. In its decision, the Court of Appeals reasoned as follows:
“Petitioners would have the municipality initially accept as valid every application for benefits and afterwards go back and determine whether or not the claim is legitimate. Such a practice would unduly burden the administration of such benefits, in some instances causing duplication of tasks. Petitioners’ construction would open the floodgates to the unscrupulous who would usurp the statute’s *280 intention, potentially wasting municipal resources. As the statute makes no provision for recoupment of benefits paid on fraudulent claims, it would appear proper for the municipality to determine first if the claim is legitimate and then if necessary provide back pay for benefits lost or restoration of leave credits improperly used” (id. at 532 [citation omitted]).
Similarly, here, respondent argues that, although it agreed to accept petitioner’s claim and has paid such benefits, it should be permitted to reconsider its determination and terminate petitioner’s benefits on the basis of petitioner’s present alleged medical or physical condition.[3] However, this practice would result in a duplication of efforts, unduly burdening municipalities and disabled firefighters alike, and would underscore the propriety of a careful examination and accurate determination by a municipality of eligibility of an applicant under General Municipal Law § 207-a (2) in the first instance.[4]
It is well settled that General Municipal Law § 207-a is a “remedial statute enacted for the benefit of firemen and should be liberally construed in their favor” (Pease v Colucci, 59 AD2d 233, 235 [1977]). Accordingly, in the absence of legislative history or case authority indicating that the Legislature intended to permit municipalities to review the entitlement of firefighters previously determined to be permanently disabled and *281 entitled to receive supplemental wage benefits pursuant to General Municipal Law § 207-a (2) after the municipality has awarded such benefits, and absent mistake or fraud, petitioner’s right to continue to receive such benefits should be preserved.
Finally, it must be noted that respondent’s axiomatic arguments in opposition to the petition, that this proceeding is either time-barred or premature for failure of the petitioner to exhaust his administrative remedies, are without merit.
Respondent argues that the petition is time-barred as petitioner did not commence this proceeding within four months of the February 5, 2006 notification that respondent was terminating his benefits. However, once awarded, General Municipal Law § 207-a benefits are a property interest protected by the Fourteenth Amendment (see Matter of City of Cohoes [Uniform, Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO], 94 NY2d 686, 691 [2000]; Matter of Gamma v Bloom, 274 AD2d 14 [2000]). Thus, prior to the termination of his General Municipal Law § 207-a (2) benefits, petitioner had the right to a due process hearing (see Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO], 94 NY2d 686, 691 [2000]). Moreover, this proceeding to enjoin respondent from proceeding with the hearings to terminate benefits previously awarded and paid is not a proceeding to review, but is in the nature of mandamus to compel (see Matter of Heck v Keane, 6 AD3d 95 [2004]; cf., Matter of Dahn v Keane, 1 AD3d 1038 [2003]).
Additionally, while the general rule is that an individual must exhaust administrative remedies prior to seeking judicial relief, exhaustion of administrative remedies is not mandated where the challenged actions of an agency are outside its jurisdiction or where resort to administrative remedies would be futile (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52 [1978]). In this matter, petitioner is not barred by the doctrine of exhaustion of administrative remedies since the question raised by this proceeding is an issue of law as to whether respondent has the authority to review petitioner’s eligibility for General Municipal Law § 207-a (2) benefits based on an alleged change in his physical condition and to terminate same (see Matter of Durham Temporaries v New York State Tax Commn., 132 AD2d 843 [1987]). Moreover, as demonstrated by the decision rendered by the hearing officer, to wit, that respondent has the authority to reconsider its prior award of General Municipal Law § 207-a (2) benefits to petitioner, petitioner’s continued *282 participation in the hearings in this matter would prove to be a futile exercise (see Watergate II Apts. v Buffalo Sewer Auth., supra). Also, petitioner was not mandated to complete the hearings before commencing this proceeding because his claims do not stem from any provisions of any collective bargaining agreement relating to the initial determination of an award of General Municipal Law § 207-a (2) benefits, but, rather, are the result of respondent’s attempt to avoid its obligations under General Municipal Law § 207-a (2) after an award has been made and benefits have been paid pursuant thereto (see Matter of Schade v Town of Wallkill, 235 AD2d 542 [1997]; cf. Matter of D’Onofrio v City of Mount Vernon, 226 AD2d 719 [1996]).
Finally, it must be noted that respondent’s actions are in clear violation of the express language of the stipulation of settlement between the parties. In 1998, after contesting petitioner’s claim to entitlement to General Municipal Law § 207-a (2) benefits, respondent entered into the stipulation of settlement with petitioner and agreed to accept petitioner’s claim. The record reflects that this settlement was reached in the context of a hearing on petitioner’s entitlement to General Municipal Law § 207-a (2) benefits and following respondent’s evaluation of petitioner’s medical condition at such time. Therefore, notwithstanding respondent’s assertion that petitioner’s medical condition has somehow improved, respondent cannot avoid the terms of the stipulation it negotiated (see Della Rocco v City of Schenectady, 278 AD2d 628 [2000], lv denied 96 NY2d 709 [2001]).
In light of the foregoing, it is ordered and adjudged that the petition is granted in all respects and respondent is enjoined from proceeding with the hearings in this matter and from terminating petitioner’s General Municipal Law § 207-a benefits on the basis of any alleged change in his medical or physical condition.

. The parties have provided little detail as to the circumstances surrounding the execution of the two stipulations of settlement in the record before this court. Notably, the second stipulation bears the caption, “In the Matter of Firefighter Lance McGowan, Petitioner, against the Fairview Fire District, Respondent. Application for Benefits under General Municipal Law Section 207-a."

. The amendmen. of the statute also addressed the perceived windfall to firefighters who engaged in employment while receiving disability benefits under the prior statute by the addition of subdivision (6) of section 207-a as follows:
“6. Any fireman receiving payments or benefits pursuant to this section, who engages in any employment other than as provided in subdivision three or five of this section shall on the commencement of such employment, forfeit his entitlement to any payments and benefits hereunder, and any such payment or benefit unlawfully received by such fireman shall be refunded to and may be recovered by the municipal corporation or fire district employing such fireman in a civil action. For the purposes of this section, employment shall not include income derived from passive involvement with: gains derived from dealings in property, interest income, rents from real property, royalties, dividends, alimony and separate maintenance payments, annuities, income from life insurance and endowment contracts, other pensions, income from the discharge of indebtedness, income in the respect of a decedent, and income from an interest in an estate or trust.”

. Respondent claims that its decision to terminate petitioner’s General Municipal Law § 207-a (2) benefits was “based upon its receipt of a medical opinion which indicated that Petitioner was no longer disabled from the performance of his firefighting duties, and further that any disability he may currently have, to a reasonable degree of certainty, cannot be causally related to a line of duty injury” (respondent’s mem of law at 11). While this court does not reach the issue of the nature and extent of petitioner’s disability, the report upon which respondent relies cannot be construed as providing such a finding to “a reasonable degree of certainty” as respondent avers. While Dr. Silver-man renders an opinion that he doesn’t “think” that the medical record provides evidence of underlying pathology that would explain petitioner’s inability to perform activities in the fire department, he also makes a number of statements in his report which raise questions as to the reliability of this examination made many years after the injury occurred, including his assertion that “I don’t doubt that this gentlem[a]n has recurrent problems with his back, but I’m not convinced that it is related to disk herniation and I don’t think anybody could prove it one way or the other.”

. Respondent’s argument that the decision rendered in Matter of Pennetta v Village of Pelham (Sup Ct, Westchester County, Sept. 23, 2002, West, J., Index No. 01-20067 [unreported, exhibit H.O.4 of hearing transcript], affd 2 AD3d 862 [2003]) supports its position is without merit. This issue in Pennetta involved a firefighter’s entitlement to General Municipal Law § 207-a (1) benefits and is inapplicable to the circumstances in the instant matter.