Matter of Cameron Transp. Corp. v New York State Dept. of Health & Off. of Medicaid Inspector Gen. (2021 NY Slip Op 04811)





Matter of Cameron Transp. Corp. v New York State Dept. of Health & Off. of Medicaid Inspector Gen.


2021 NY Slip Op 04811


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


293 CA 20-00499

[*1]IN THE MATTER OF THE APPLICATION OF CAMERON TRANSPORT CORP., PETITIONER-RESPONDENT,
v
NEW YORK STATE DEPARTMENT OF HEALTH AND OFFICE OF MEDICAID INSPECTOR GENERAL, RESPONDENTS-APPELLANTS. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 16, 2020 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, directed respondents to discontinue withholding Medicaid payments from petitioner. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner, a transportation provider enrolled in the Medicaid program, commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents, New York State Department of Health and Office of Medicaid Inspector General (OMIG), to discontinue withholding Medicaid payments from it and to pay to petitioner sums that previously had been withheld after a determination that payments should be suspended due to credible allegations that petitioner engaged in fraud. Respondents appeal from a judgment that granted the petition by, inter alia, ordering them to discontinue withholding petitioner's Medicaid payments and to immediately pay it the previously withheld sums.
We conclude that Supreme Court erred in granting the petition to the extent of directing respondents to discontinue withholding Medicaid payments from petitioner and to immediately repay previously withheld payments. Mandamus to compel under CPLR 7803 (1)—the principal relief sought by petitioner—is "an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Shaw v King, 123 AD3d 1317, 1318-1319 [3d Dept 2014] [emphasis added and internal quotation marks omitted]; see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]; Matter of van Tol v City of Buffalo, 107 AD3d 1626, 1627 [4th Dept 2013]). Mandamus to compel lies where a petitioner seeks to "compel the performance of a ministerial act [imposed] by law" (Matter of De Milio v Borghard, 55 NY2d 216, 220 [1982]; see Matter of Heck v Keane, 6 AD3d 95, 99 [4th Dept 2004]).
Here, we conclude that petitioner was not entitled to that relief because it did not have a clear legal right under the governing regulation—18 NYCRR 518.7—to have the withholding of Medicaid payments discontinued. Respondents are permitted to withhold Medicaid payments from a provider where it is determined that the "provider has abused the [Medicaid] program or has committed an unacceptable practice" (18 NYCRR 518.7 [a] [1]). Such a determination may be based on, inter alia, "preliminary findings by [OMIG's] audit or utilization review staff of unacceptable practices or significant overpayments . . . or information . . . of an ongoing investigation of a provider for fraud or criminal conduct involving the program" (id.). Such a [*2]"withholding may continue only temporarily" (18 NYCRR 518.7 [d]).
In granting the petition and ordering respondents to discontinue the withholding, the court concluded that 18 NYCRR 518.7 (d) (1) applied. That provision states in pertinent part that, "[w]hen initiated by the department prior to the issuance of a draft audit report or notice of proposed agency action, the withholding will not continue for more than 90 days unless a written draft audit report or notice of proposed agency action is sent to the provider" (id. [emphasis added]). The court concluded that more than 90 days had elapsed without respondents issuing a draft audit report or notice of proposed agency action, requiring it to grant the petition. In our view, however, the court relied on the wrong paragraph of 18 NYCRR 518.7 (d) in evaluating whether the withholding should be discontinued.
Specifically, we conclude that the duration of the withholding should be evaluated under 18 NYCRR 518.7 (d) (4), which provides, in relevant part, that "[w]hen initiated by the department when it has determined or has been notified that the provider is the subject of a pending investigation of a credible allegation of fraud all withholding actions will be temporary and will not continue after either . . . [t]he department, or the Medicaid fraud control unit, or other law enforcement organization determines that there is insufficient evidence of fraud by the provider," or "[l]egal proceedings related to the provider's alleged fraud are completed" (18 NYCRR 518.7 [d] [4] [i], [ii] [emphasis added]). That paragraph—not 18 NYCRR 518.7 (d) (1)—applied to respondents' determination to withhold petitioner's Medicaid payments because, according to the letter that OMIG sent to petitioner notifying it of the withholding, petitioner was "the subject of a pending investigation of a credible allegation of fraud," and the letter also informed petitioner that the temporary withholding would cease once it was determined "that there is insufficient evidence of fraud by [petitioner], or legal proceedings related to the alleged fraud are completed." That language tracks the language in 18 NYCRR 518.7 (d) (4), not 18 NYCRR 518.7 (d) (1). Consequently, the court erred in concluding that the 90-day time frame for withholdings under 18 NYCRR 518.7 (d) (1) applied to this case.
Evaluated under the proper paragraph of 18 NYCRR 518.7 (d), we conclude that, on this record, there is no dispute that petitioner is the subject of an investigation into a credible allegation of fraud, and that it is also undisputed on this record that there has been no determination by law enforcement that there is insufficient evidence of fraud, or completed legal proceedings related to the alleged fraud. Thus, pursuant to the plain meaning of 18 NYCRR 518.7 (d) (4), respondents were permitted to continue withholding Medicaid payments from petitioner, and the petition insofar as it seeks to compel the discontinuance of the withholding should be dismissed (see generally Matter of Springer v Board of Educ. of the City Sch. Dist. of the City of N.Y., 27 NY3d 102, 107 [2016]; Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health, 5 NY3d 499, 506 [2005]; Matter of Able Health Servs., Inc. v New York State Off. of the Medicaid Inspector Gen., 59 Misc 3d 171, 183 [Sup Ct, Albany County 2017]).
To the extent that petitioner contends that respondents effectively used 18 NYCRR 518.7 (d) (4) to permanently deprive it of a protected property interest without due process—i.e., due to the seemingly indefinite duration of the withholding—that specific contention was not raised in the petition, and it is therefore unpreserved for our review (see Matter of Cornell v Annucci, 173 AD3d 1760, 1761 [4th Dept 2019]; Matter of Board of Mgrs. v Assessor, City of Buffalo, 156 AD3d 1322, 1324 [4th Dept 2017]). We have no discretionary authority to reach unpreserved contentions in a CPLR article 78 proceeding such as this one (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Barnes v Venettozzi, 135 AD3d 1250, 1251 [3d Dept 2016]).
Furthermore, we agree with respondents that the petition, to the extent that it seeks to annul the initial determination to implement the withholding, should be dismissed due to petitioner's failure to exhaust its administrative remedies. " 'Those who wish to challenge agency determinations under [CPLR] article 78 may not do so until they have exhausted their administrative remedies' " (Matter of Hopewell Volunteer Fire Dept., Inc. v Gardner, 101 AD3d 1652, 1653 [4th Dept 2012], quoting Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 195 [2007]). To that end, "where a right to proceed by administrative appeal exists, a party must pursue that appeal before seeking judicial review" (Matter of Di Pietro v State Ins. Fund, 206 AD2d 211, 215 [4th Dept 1994]).
Here, OMIG's letter informing petitioner that its Medicaid payments were being withheld stated that, although it was "not entitled to an administrative hearing" with respect to that determination, petitioner "may, within thirty (30) days of the date of this notice, submit written arguments and documentation that the withhold[ing] should be removed," and directed petitioner to submit such arguments and documentation to OMIG. It is undisputed that petitioner did not comply with that requirement because, instead of contacting OMIG during the 30-day period, it contacted a completely different state agency. Petitioner first contacted OMIG about the determination well after the 30-day deadline expired. Thus, because petitioner failed to challenge respondents' initial determination via the administrative appeal process, it did not exhaust its administrative remedies and may not challenge that determination in this CPLR article 78 proceeding.
In light of the foregoing, we conclude that respondents' remaining contention is academic.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court