OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 Section 363-c of the Retirement and Social Security Law provides for payment of benefits to firefighters who become incapacitated as a result of the performance of their duties. Eligibility for such benefits is determined by the Comptroller
 
 (id.,
 
 § 363-c [d]; § 374 [b]). Firefighters employed by certain municipalities may also be covered by General Municipal Law § 207-a, which requires the employing governmental entity to pay full salary and medical expenses to firefighters who are injured in the performance of their duties. Under the statute, such firefighters who are also granted Retirement System benefits for performance-of-duty or accidental disability
 
 (see,
 
 Retirement and Social Security Law § 363) are entitled to receive from the employing municipality "the difference between the amounts received [from the Retirement System] and the amount[s] of [their] regular salary or wage” until such time as they reach the point of mandatory retirement (General Municipal Law § 207-a [2]).
 

 
 *835
 
 Claiming to have suffered disabling psychological harm as a result of his firefighting activities, petitioner applied to the State Retirement System for performance-of-duty disability benefits pursuant to Retirement and Social Security Law § 363-c. The Comptroller determined that petitioner was permanently incapacitated for performance of duty as a result of his service and approved the payment of benefits. Subsequently, respondents held a hearing on petitioner’s preexisting application for disability benefits under General Municipal Law § 207-a. Respondents ultimately denied petitioner supplementary benefits under section 207-a after finding, contrary to the Comptroller’s determination, that petitioner’s disability was not causally related to his employment. Petitioner then commenced the present proceeding to challenge respondents’ determination.
 

 Contrary to the conclusion of the court below, we hold that the Comptroller’s determination on the causal-relationship issue in connection with petitioner’s section 363-c application was not binding on respondents in their separate proceeding to determine petitioner’s eligibility for benefits under General Municipal Law § 207-a. As we noted in
 
 Sutka v Connors
 
 (73 NY2d 395, 404), Retirement and Social Security Law § 363-c and General Municipal Law § 207-a "represent separate disability systems with differing coverage and consequences.” Further, although the amount of a firefighter’s section 207-a (2) benefits may depend in part on the benefits available to that firefighter under Retirement and Social Security Law § 363-c, there is no specific statutory language or history suggesting that the eligibility determinations for these distinct classes of benefits were not intended to be separately made. We note that municipalities are not parties to proceedings before the Comptroller under Retirement and Social Security Law § 363-c and, accordingly, common-law principles of collateral estoppel cannot be invoked to support the conclusion petitioner seeks.
 

 Inasmuch as respondents were entitled to make their own determination about the extent and cause of petitioner’s illness, their decision denying him section 207-a (2) benefits should be reinstated. Petitioner’s alternative argument that respondents’ determination was not supported by substantial evidence is lacking in merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.