■ In the Matter of WILLIAM H. DEARMAN, Respondent, v CITY OF WHITE PLAINS, Appellant. [655 NYS2d 599] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Public Safety of the City of White Plains, dated September 27, 1991, which denied the petitioner's application for benefits pursuant to General Municipal Law § 207-a (2), the City of White Plains appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered November 14, 1995, which denied its motion to dismiss the proceeding as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the proceeding is dismissed.

The petitioner was granted accidental disability retirement benefits under Retirement and Social Security Law § 363 on March 7, 1991. Thereafter, he applied to the respondent City of White Plains for benefits under General Municipal Law § 207-a (2). That application was denied on September 27, 1991. Contrary to the conclusion reached by the Supreme Court, the instant proceeding brought by the petitioner pursuant to CPLR article 78 to challenge the City's denial is not in the nature of mandamus to compel the performance of a continuing statutory duty. Rather, since the City is allowed to make its own determination as to whether the petitioner is entitled to benefits under General Municipal Law § 207-a (2) *(see, Matter of Cook v City of Utica,* 88 NY2d 833), the proceeding is one to review, and the four-month Statute of Limitations is applicable *(see,* CPLR 217). As the record is clear that the proceeding was not commenced within four months of the denial of the application of benefits, the proceeding must be dismissed as time-barred. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.