■ In the Matter of DAVID J. BRZOSTEK, Appellant, v CITY OF SYRACUSE et al., Respondents. [661 NYS2d 142] —Judgment unanimously reversed on the law without costs and amended petition reinstated. Memorandum: Petitioner alleges that he suffered line-of-duty injuries that rendered him permanently disabled from his position as a firefighter for respondent City of Syracuse Fire Department. In 1994 petitioner sought benefits from the Fire Department pursuant to General Municipal Law § 207-a (1); that request was denied on the ground that petitioner had not "established through sufficient documentation that [his] injuries were incurred in the performance of [his] duties". In 1995 petitioner applied to the New York State Police and Fire Retirement System (System) for accidental disability retirement benefits and performance of duty disability retirement benefits. That application was granted in October 1995. Shortly thereafter, petitioner requested that respondents provide him with General Municipal Law § 207-a (2) wage supplemental benefits, relying upon *Matter of Putnam v City of Watertown* (213 AD2d 974). Respondents formally denied that request on February 15, 1996, and petitioner commenced this proceeding on February 29, 1996. Supreme Court dismissed the amended petition as time-barred, stating that the proceeding had to be brought within four months of the December 1994 determination denying petitioner benefits pursuant to General Municipal Law § 207-a (1). We reverse and reinstate the amended petition.

General Municipal Law § 207-a (2) provides for the payment of wages to a firefighter "who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties". Where the firefighter is permanently disabled, payment of the full amount of salary or wages

as provided in General Municipal Law § 207-a (1) is discontinued if the firefighter "is granted an accidental disability retirement allowance" (*ibid.*) pursuant to the Retirement and Social Security Law. In that event, the firefighter "shall continue to receive from the municipality or fire district by which he is employed, until such time as he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service, the difference between the amounts received under such allowance or pension and the amount of his regular salary or wages." (*Ibid.*) Thus, a firefighter's eligibility for General Municipal Law § 207-a (2) benefits from the municipality or fire district does not arise until the firefighter "is granted an accidental disability retirement allowance" pursuant to the Retirement and Social Security Law. Consequently, petitioner could not have commenced this proceeding until the System had rendered its decision.

Respondents contend that the February 1996 determination denying petitioner's request for General Municipal Law § 207-a (2) benefits was a "redetermination" of their December 1994 determination regarding petitioner's request for General Municipal Law § 207-a (1) benefits. We reject that contention. While the substantive determinations pursuant to those subdivisions may be similar, it is clear that separate determinations must be made and, in the case of General Municipal Law § 207-a (2) benefits, petitioner has the benefit of having had a determination from the System that he is eligible for accidental disability retirement benefits. Although that determination is not dispositive (*see, Matter of Cook v City of Utica*, 88 NY2d 833), petitioner is entitled to a determination on the merits of his request for General Municipal Law § 207-a (2) benefits. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Dismiss Petition.) Present—Denman, P. J., Pine, Callahan, Boehm and Fallon, JJ.