■ In the Matter of ROBERT L. HENRY, Petitioner, v CITY OF CORTLAND, Respondent. [797 NYS2d 649]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent which denied petitioner's application for supplemental disability benefits.

Petitioner, a firefighter employed by respondent since 1987, suffered a back injury on the job in June 1997. He remained out of work for over two years and during that time he received full salary and benefits pursuant to General Municipal Law § 207-a (1). After being examined by a physician retained by respondent, petitioner was directed to report for "modified duty" in September 1999. Petitioner did not contest the directive that he return to work and, by February 2000, he was transferred to the fire department's fire code enforcement division as a "regular assignment." In December 2000, petitioner applied to the Comptroller for disability retirement (see Retirement and Social Security Law § 363), which was granted in July 2002. Petitioner then sought supplemental benefits pursuant to General Municipal Law § 207-a (2), but that request was denied by respondent. Following a hearing, a Hearing Officer recommended awarding petitioner supplemental benefits. Respondent, however, issued a detailed opinion rejecting this recommendation and stating that petitioner was not entitled to such benefits. Petitioner commenced this CPLR article 78 proceeding, which was transferred to this Court.

Petitioner argues that respondent's determination is not supported by substantial evidence. We cannot agree. When petitioner was directed to return to work in September 1999, he did not contest this directive (see generally Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO], 94 NY2d 686 [2000]). Shortly thereafter, he was assigned to the code enforcement division and he accepted the assignment without protest. There is substantial evidence, including the testimony of the fire chief and assistant fire chief, that this was a full duty assignment within the department and, indeed, the position included a stipend of $2,400 above petitioner's regular salary. At such time, petitioner was no longer receiving benefits under General Municipal Law § 207-a (1). Although he success-

fully applied to the Comptroller for disability retirement benefits, the Comptroller's determination did not bind respondent (*see Matter of Cook v City of Utica*, 88 NY2d 833, 835 [1996]; *Matter of Dearman v City of White Plains*, 237 AD2d 603, 603 [1997]).* In light of the substantial evidence in the record that petitioner was receiving his regular wages for a full duty assignment that he was capable of performing within the fire department at the time he applied for and received accidental disability retirement benefits, we are unpersuaded that respondent was required to provide supplemental benefits under General Municipal Law § 207-a (2).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

* We note that, since petitioner's disability retirement application was filed with the Comptroller less than two years after his new assignment within the fire department, that application was ostensibly considered in view of the duties of his prior assignment (*see* 2 NYCRR part 364; *Matter of Perez-Dunham v McCall*, 279 AD2d 884, 885 [2001]).