In the Matter of ANTHONY VISCOMI, Appellant, v VILLAGE OF HERKIMER, Respondent. (Appeal No. 2.) [803 NYS2d 873]—

Appeal from a judgment (denominated order) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered May 18, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted in part and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking judgment directing respondent to grant him benefits pursuant to General Municipal Law § 207-a (2) or, alternatively, seeking to compel respondent to determine, on the merits, whether he is entitled to receive those benefits. It is undisputed that petitioner, a deputy fire chief employed by respondent, was injured when he fell from a ladder while cleaning the firehouse. Respondent denied his request for benefits pursuant to General Municipal Law § 207-a (1) on the ground that the injury did not occur as a result of the "heightened risks" associated with fighting a fire, and the denial was upheld by an arbitrator prior to the issuance of the decision of the Court of Appeals in *Matter of Theroux v Reilly* (1 NY3d 232, 241-244 [2003]), which eliminated the heightened risk standard concerning eligibility for such benefits. Petitioner's subsequent application for performance of duty disability retirement benefits was approved by the New York State and Local Police and Fire Retirement System, and petitioner then sought "supplemental wages and benefits" from respondent pursuant to General Municipal Law § 207-a (2). Respondent denied that request without a hearing, concluding that it was bound by the arbitrator's decision denying petitioner's application for section 207-a (1) benefits, and petitioner then commenced this proceeding. Supreme Court erred in determining that the arbitrator's decision concerning section 207-a (1) benefits was binding with respect to petitioner's application for section 207-a (2) benefits and in dismissing the petition on that ground.

A "firefighter's eligibility for General Municipal Law § 207-a (2) benefits . . . does not arise until the firefighter 'is granted an accidental disability retirement allowance' pursuant to the Retirement and Social Security Law" (*Matter of Brzostek v City of Syracuse*, 238 AD2d 947, 948 [1997], *lv dismissed* 92 NY2d 1026 [1998]). Furthermore, although the award of a performance of duty disability pension to petitioner is not dispositive of whether he is entitled to receive General Municipal Law § 207-a (2) benefits (*see Matter of Cook v City of Utica*, 88 NY2d 833, 835 [1996]), respondent was required to consider the fact that petitioner had been awarded such a pension in determining his application for General Municipal Law § 207-a (2) benefits (*see Matter of Heck v Keane*, 6 AD3d 95, 99-100 [2004]). Thus, we note that, while "the substantive determinations pursuant to those subdivisions [i.e., section 207-a (1) and (2)] may be sim-

ilar, it is clear that separate determinations [with respect to an applicant's entitlement to benefits pursuant to those subdivisions] must be made" (*Brzostek*, 238 AD2d at 948).

Contrary to respondent's contention, the doctrine of collateral estoppel does not apply herein with respect to petitioner's application for General Municipal Law § 207-a (2) benefits. That doctrine requires an identity of issues and, because there are separate requirements for each of the two subdivisions, there is no such identity of issues herein (*see generally Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 266 [1988]; *Ralph M. v Nancy M.*, 280 AD2d 995 [2001]; *cf. Jeffreys v Griffin*, 1 NY3d 34, 39-41 [2003]).

Thus, we conclude that petitioner is entitled to a determination on the merits of his application for benefits pursuant to General Municipal Law § 207-a (2). We therefore reverse the judgment, grant the petition insofar as it seeks to compel respondent to determine the merits of petitioner's application and remit the matter to respondent for an initial determination of petitioner's application for such benefits following a hearing, if necessary. Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.