In the Matter of DENNIS M. SOLANO, JR., Appellant, v CITY OF MOUNT VERNON et al., Respondents. [853 NYS2d 641]—

The petitioner sustained a lower back injury on August 16, 2002 while in the performance of his duties as a firefighter for the City of Mount Vernon. The petitioner continued to receive his regular salary pursuant to General Municipal Law § 207-a (1) while he was disabled as a result of his injury. The City commenced a review of the petitioner's medical status in March 2004 in conjunction with a general review of the disability status of a number of firefighters. Prior to the completion of the City's review of the petitioner's status, the petitioner applied for and was granted a retirement disability allowance by the New York State Comptroller, pursuant to Retirement and Social Security Law § 363-c.

Upon receipt of a favorable determination from the State Comptroller, the petitioner applied to the City for the payment of the supplemental benefits provided for in General Municipal Law § 207-a (2). The City required the petitioner to undergo a medical examination and, based on the report of the examining physician that the petitioner did not currently suffer from a work-related disability, the City Fire Commissioner, on behalf of the City of Mount Vernon Fire Department (hereinafter the Fire Department), denied the petitioner's request for benefits pursuant to General Municipal Law § 207-a (2). The petitioner requested an administrative hearing to review that determination. A hearing officer was selected, and a mutually-agreeable date was chosen for the hearing. Prior to the commencement of that administrative hearing, the petitioner commenced the instant proceeding for relief pursuant to CPLR article 78.

As the petitioner acknowledges in his brief, notwithstanding the retirement disability allowance determination made by the State Comptroller, the City is entitled to make a separate determination as to whether he was permanently disabled as a result of an injury incurred in the performance of his duties as a firefighter (*see Matter of Cook v City of Utica*, 88 NY2d 833 [1996]; *Matter of Sutka v Conners*, 73 NY2d 395 [1989]). Contrary to the petitioner's assertion that, following his receipt of benefits pursuant to General Municipal Law § 207-a (1), the City's review is limited solely to the question of whether he was disqualified from the receipt of benefits due to other gainful employment (*see* General Municipal Law § 207-a [6]), the City's determination pursuant to General Municipal Law § 207-a (2) necessarily may include both the question of causal relationship and permanent disability. In this case, there is no dispute with respect to causal relationship. Rather, the denial of benefits was properly premised on a physician's report concluding that the petitioner was no longer under a disability from that injury.

Thus, the petitioner failed to establish a clear legal right to prohibit the respondents from considering whether he remains disabled or to compel them to pay him benefits, and thus failed to establish entitlement to either of the extraordinary remedies of prohibition or mandamus to compel (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12 [1981]; *Matter of Bediner v Firetog*, 31 AD3d 634 [2006]).

To the extent that the petition, in effect, seeks to review the denial by the Fire Department of the petitioner's application for benefits pursuant to General Municipal Law § 207-a (2), the petitioner failed to exhaust his administrative remedies (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]), and failed to establish that an exception to the doctrine of exhaustion of administrative remedies applies in this proceeding (*see Matter of Brunjes v Nocella*, 40 AD3d 1088 [2007]; *Matter of Tasadfoy v Town of Wappinger*, 22 AD3d 592 [2005]). Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.