In the Matter of JAMES RICHARDS, Respondent, v CITY OF BINGHAMTON, Appellant. [915 NYS2d 396]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Lebous, J.), entered February 4, 2010 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent terminating petitioner's benefits under General Municipal Law § 207-a.

Petitioner sustained an injury during his employment as a firefighter for respondent. Pursuant to General Municipal Law § 207-a, he was granted benefits equal to his full salary. After an examination, respondent's independent medical examiner found that petitioner was capable of returning to modified duty with specific restrictions. Respondent's fire chief, Daniel Thomas, sent petitioner a letter ordering him to obtain an MRI and other testing within 30 days and report to work for light duty on a date six days from the date of the letter. The letter noted that petitioner had 10 days to appeal the determination by submitting a written request for appeal, accompanied by medical documentation that he was unable to perform light duty tasks.

Petitioner was away on vacation when the letter was sent, so he did not receive it until after the deadlines for him to report to work or appeal had passed. By that time, respondent had sent a letter terminating his benefits. Petitioner talked with Thomas, expressing a desire to return to work but wanting to first obtain medical clearance from his own physician.* Petitioner's counsel communicated with respondent's counsel, indicating that petitioner was willing to report for light duty, but that if respondent continued with its intention to deny

---

* His physician apparently would not issue an opinion on the degree of disability without a new MRI. Although respondent ordered petitioner to obtain an MRI, respondent refused to authorize payment for that test, frustrating petitioner's ability to obtain medical proof.

benefits, petitioner was "demanding a hearing to address the obvious due process flaws to date in this process." When petitioner did not return to work within a new five-day deadline set by Thomas, respondent terminated his benefits.

Petitioner commenced this proceeding seeking annulment of the determination and directing that respondent continue payments pending a hearing. Supreme Court found that respondent failed to comply with proper procedures in giving notice, rendering its determination invalid. The court ordered that respondent continue paying benefits and that petitioner was entitled to a hearing. Respondent appeals.

A municipality is entitled to order medical examinations of a firefighter who is receiving benefits and direct the employee to return to light duty work if medically able (*see* General Municipal Law § 207-a [1], [3]). The municipality may terminate benefits if a firefighter refuses to report for such work (*see* General Municipal Law § 207-a [3]). General Municipal Law § 207-a does not provide a procedural framework that must be followed for such determinations, but instead allows "each municipality to formulate its own procedure consistent with the demands of due process" (*Local 589, Intl. Assn. of Fire Fighters, AFL-CIO v City of Newburgh*, 116 AD2d 396, 398 [1986]; *see Matter of Davis v County of Westchester*, 42 AD3d 791, 793 [2007], *appeal dismissed* 9 NY3d 953 [2007]). Those procedures can be established through collective bargaining with the relevant union (*see Matter of Park v Kapica*, 8 NY3d 302, 311 [2007]; *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 80-81 [2000]). The collective bargaining agreement (hereinafter CBA) in effect between petitioner's union and respondent provided that disagreements concerning determinations, other than initial determinations, under General Municipal Law § 207-a—including whether a firefighter is able to perform light duty work—"will be resolved in accordance with the current City procedure using an impartial hearing officer." The CBA does not define what constitutes the "current City procedure" and the parties do not agree on the meaning of that term.

Even if we accept respondent's contention that the CBA incorporates an undated document entitled Firefighter's and Police Officer's Disability Procedure (hereinafter FPODP) as the current procedure, respondent cannot prevail because it failed to comply with the FPODP. Section 301 of the FPODP provides that if a physician determines that a firefighter who is receiving benefits is capable of performing tasks on modified duty, "the Commissioner shall order the individual to report for

such available modified duty on a date certain by mailing said notice to the individual at the address provided in the application." The parties agree that respondent's mayor is the "Commissioner," although that term is defined to also include "an agent appointed by" the Commissioner (FPODP § 103 [3]). Respondent contends that Thomas was the Commissioner's agent. The term "agent" is defined as a "person duly designated in writing by the Mayor . . . to perform the functions of the Commissioner" (FPODP § 103 [1]). Because the record does not contain any written designation by the mayor granting Thomas authority to perform the functions of the Commissioner, Thomas does not qualify as the Commissioner's agent. Therefore, respondent did not strictly adhere to the provision requiring the Commissioner to order petitioner to report for light duty work.

The address provided in petitioner's application was his counsel's office, but the letter was sent to his home. Thus, respondent did not comply with the requirement that the Commissioner's order be mailed to "the address provided in the application." Contrary to respondent's argument, petitioner was apparently prejudiced by respondent's lack of compliance with the FPODP because petitioner did not receive the letter until after two deadlines contained therein had passed, whereas his counsel potentially could have responded immediately.

Respondent is permitted to discontinue petitioner's benefits only if he "refuses or fails to appear for available modified duty assignment, in contravention of the Commissioner's orders" (FPODP § 303). According to the FPODP, Thomas's letter does not constitute an order by the Commissioner, so petitioner's noncompliance with that letter cannot serve as a proper basis for discontinuing benefits. Additionally, even if it was a proper order, Thomas's letter contained a requirement not included in the FPODP. The FPODP requires an individual who disagrees with the Commissioner's determination regarding a modified duty assignment to serve the Commissioner with "a demand for a hearing," but does not mention any supporting medical documentation (FPODP § 302). Respondent insists that, pursuant to case law, petitioner is not entitled to a hearing because he did not provide medical proof that he is unable to perform modified duties (*see Matter of Park v Kapica*, 8 NY3d at 310; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 692-693 [2000]; *Matter of Davis v County of Westchester*, 42 AD3d at 793). Such case law is inapplicable, however, where respondent has chosen a procedural framework that does not require that medical proof be submitted along with the hearing request; the FPODP only

requires a demand for a hearing. Because respondent did not comply with its own procedures prior to terminating petitioner's benefits, Supreme Court properly annulled the determination (*compare Matter of Elliott v City of Binghamton*, 94 AD2d 887, 889 [1983], *affd* 61 NY2d 920 [1984]).

Cardona, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.