■ In the Matter of JOSEPH W. MCKAY, Respondent, v VILLAGE OF ENDICOTT, Appellant. [979 NYS2d 422]—

McCarthy, J.

While working for respondent as a firefighter, petitioner injured his lower back in April 2008. By November 2009, he stopped working due to his injury. In late 2009, respondent granted him disability benefits pursuant to General Municipal Law § 207-a (1). In July 2010, respondent informed petitioner that it was discontinuing his disability benefits. Petitioner appealed that decision, eventually resulting in a determination that he was entitled to General Municipal Law § 207-a (1)

benefits. During the pendency of his administrative appeal, in December 2010, he was granted performance-of-duty disability retirement benefits under Retirement and Social Security Law § 363-c and promptly retired. Once petitioner retired, respondent ceased paying him any benefits. Petitioner requested that respondent pay him supplemental disability benefits under General Municipal Law § 207-a (2). Respondent informed petitioner that he needed to complete a separate application for those benefits. Despite his disagreement with that response, petitioner filed such an application. Respondent denied the request. When respondent did not respond to petitioner's appeal of that denial, he commenced this proceeding challenging the denial of benefits.* Supreme Court partially granted the petition, ordering respondent to provide General Municipal Law § 207-a benefits "pending a determination consistent with due process" as to petitioner's permanent right to such benefits. Respondent appeals.

Initially, the Comptroller's determination that petitioner is entitled to performance-of-duty disability retirement benefits is not binding on respondent in making its determination regarding petitioner's eligibility for supplemental benefits under General Municipal Law § 207-a (see *Matter of Cook v City of Utica*, 88 NY2d 833, 835 [1996]; *Matter of Solano v City of Mount Vernon*, 49 AD3d 762, 764 [2008]; *Matter of Henry v City of Cortland*, 19 AD3d 988, 989 [2005]). Retirement and Social Security Law § 363-c and General Municipal Law § 207-a "represent separate disability systems with differing coverage and consequences" (*Matter of Sutka v Conners*, 73 NY2d 395, 404 [1989]). Additionally, respondent was not a party to the disability retirement proceedings before the Comptroller, so the doctrine of collateral estoppel does not apply to bind respondent (see *Matter of Cook v City of Utica*, 88 NY2d at 835). Thus, petitioner is not entitled to an order directing respondent to provide benefits under General Municipal Law § 207-a (2) on a permanent basis; respondent may make its own determination on that issue.

General Municipal Law § 207-a has several subdivisions, two of which are mainly at issue. As relevant here, subdivision (1) provides that "[a]ny paid fire[fighter] . . . who is injured in the performance of his [or her] duties . . . shall be paid by the municipality or fire district by which he [or she] is employed the full amount of his [or her] regular salary or wages until his [or her] disability arising therefrom has ceased" (General Mu-

---

* It appears that respondent later appointed a hearing officer and a hearing has been held, but no decision has yet been rendered.

nicipal Law § 207-a [1]). Subdivision (2) provides, as relevant here, that "[p]ayment of the full amount of regular salary or wages, as provided in subdivision one of this section, shall be discontinued with respect to any fire[fighter] who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his [or her] duties if such fire[fighter] is granted . . . a retirement for disability incurred in the performance of duty allowance pursuant to [Retirement and Social Security Law § 363-c] . . . ; provided, however, that in any such case such fire[fighter] shall continue to receive from the municipality or fire district by which he [or she] is employed, until such time as he [or she] shall have attained the mandatory service retirement age . . . , the difference between the amounts received under such allowance or pension and the amount of his [or her] regular salary or wages" (General Municipal Law § 207-a [2]).

An underlying question that must be answered is whether General Municipal Law § 207-a provides one unified set of benefits, or whether different and separate benefits are provided for under the different subdivisions of that statute. Although the subdivisions provide for benefits that are different based on the qualifications, amounts and standards or requirements to obtain or retain them, we hold that the statute intends to provide for one unified set of benefits for the payment of salary to firefighters injured in the performance of duty. Despite the differences between the subdivisions, the end result under their respective different scenarios is for the injured firefighter to receive his or her full regular salary. Full regular salary is the benefit regardless of whether the firefighter is temporarily unable to work (*see* General Municipal Law § 207-a [1]), permanently unable to work and retired on that basis (*see* General Municipal Law § 207-a [2]), or unable to perform his or her regular duties but able to perform specified types of light duty (*see* General Municipal Law § 207-a [3]). If the benefits under each subdivision could stand alone, a firefighter could theoretically receive more than his or her full salary. For example, under the stand-alone theory, a firefighter receiving benefits under General Municipal Law § 207-a (1) who then retired, but was found by the municipality to not be eligible for benefits under subdivision (2), could receive retirement benefits in addition to his or her full salary under subdivision (1). Receipt of more than full salary is certainly not contemplated by the statute, as evidenced by subdivision (2)—providing that a municipality may discontinue paying full salary to a permanently injured firefighter who receives a disability retirement and instead pay only the difference between the pension and full salary—and subdivision

(4-a)—providing that benefits received under subdivision (2) for a person granted performance-of-duty disability retirement shall be reduced by any amount of benefits finally determined due under the Workers' Compensation Law by reason of accidental disability. Indeed, by the plain language, benefits under subdivision (2) are meant to be a replacement for benefits under subdivision (1) where the firefighter is granted one of the delineated work-related disability retirement pensions.

Although the benefits provided for in General Municipal Law § 207-a are one unified benefit, respondent is not collaterally estopped from denying or considering if petitioner is qualified to receive permanent supplemental benefits pursuant to General Municipal Law § 207-a (2) based on the prior determination that he was entitled to temporary benefits under General Municipal Law § 207-a (1). The standards and requirements to qualify for the benefits provided for under the two subdivisions are different. Subdivision (1) requires injury in the performance of duty, but is not permanent because it also permits the municipality to inspect the firefighter's medical condition and provide medical care. If the firefighter refuses such inspection or medical care, or the municipality's health authorities certify that he or she is recovered and able to perform regular duties, the municipality may terminate benefits (*see* General Municipal Law § 207-a [1]). Similarly, benefits under subdivision (1) may be terminated if the firefighter refuses to perform light duty work after the municipality's health authorities determine that the firefighter is capable of performing such light duty (*see* General Municipal Law § 207-a [3]; *Matter of Richards v City of Binghamton*, 80 AD3d 1022, 1023 [2011]). Thus, benefits granted under subdivision (1) are subject to review and depend on potential changes in the firefighter's medical condition.

To qualify under subdivision (2), the firefighter must be granted a specified type of disability retirement allowance and be permanently disabled as a result of an injury incurred in the performance of duties. Benefits under that subdivision are permanent and not subject to termination after they are initially granted, except for when the firefighter reaches mandatory retirement age (*see* General Municipal Law § 207-a [2]). Although it was determined that petitioner was entitled to benefits under subdivision (1), such a finding was subject to continuing medical review and did not include or require a finding of permanency. Thus, the determination under subdivision (1) does not collaterally estop respondent from making a separate determination regarding petitioner's entitlement to benefits under subdivision (2).

Because the benefits under General Municipal Law § 207-a are one unified benefit, Supreme Court properly determined that respondent could not terminate benefits without a hearing. The Court of Appeals has previously held that disabled firefighters have a property interest in disability payments pursuant to General Municipal Law § 207-a, giving rise to procedural due process protection before those payments are terminated (*see Matter of Park v Kapica*, 8 NY3d 302, 310 [2007]; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691 [2000]). Petitioner submitted evidence of permanent disability related to his work-related injury, raising "a genuine dispute on operative facts" such that he is entitled to a hearing on the deprivation of his benefits (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d at 693). As petitioner was already receiving benefits under the statute and he is entitled to due process "before those payments are terminated," he is entitled to a continuation of benefits pending the hearing (*id.* at 691).

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

