■ In the Matter of CHRISTOPHER REA, Respondent, v CITY OF KINGSTON et al., Appellants. [1 NYS3d 409]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered December 31, 2013 in Ulster County, which, in a proceeding pursuant to CPLR article 78, upon remittal, among other things, reinstated petitioner to his position as Assistant Fire Chief for respondent City of Kingston with an award of retroactive back pay.

The underlying facts are more fully set forth in this Court's prior decision in this matter (110 AD3d 1227 [2013]). Briefly, petitioner was promoted from Assistant Fire Chief to Fire Chief of the City of Kingston Fire Department in January 2012. Shortly thereafter, respondent Shayne R. Gallo, Mayor of respondent City of Kingston, notified petitioner that his appointment was rescinded and that he was suspended without pay pending disciplinary charges. Respondents ultimately served petitioner with a notice of discipline containing multiple specifications of misconduct—most of which pertained to time and leave issues—in August 2012. In response, petitioner commenced the instant CPLR article 78 proceeding seeking, among other things, back pay and benefits. Supreme Court dismissed the petition as time-barred and petitioner appealed.

Upon appeal, this Court determined that the underlying proceeding had been timely commenced. As to the merits, we agreed that—consistent with the provisions of Civil Service Law § 75 (3)—petitioner was "presumptively entitled to receive his regular compensation as Assistant Fire Chief" pending resolution of the disciplinary charges lodged against him (110 AD3d at 1229-1230). We further concluded, however, that "the issue of compensation [could not] be definitively resolved on [the existing] record as respondents contend[ed] that some [of the] delays [incurred] were either attributable solely to petitioner or reflect[ed] periods waived by petitioner" (id. at 1230). Accordingly, we remitted the matter to Supreme Court "for further development of the record as to the issue of retroactive pay" (id.).

Upon remittal, Supreme Court promptly—and consistent with our prior decision—directed that respondents conduct the

disciplinary hearing within 30 days of the court's order to that effect. However, notwithstanding the unresolved factual issues identified by this Court, Supreme Court—in response to a letter request by petitioner—ordered respondents to reinstate petitioner to his position as Assistant Fire Chief and awarded petitioner full pay and benefits—without any offset—retroactive to March 10, 2012. Supreme Court further directed that, to the extent that respondents wished to pursue their claim for an offset, they could do so in the context of a separate action for recoupment. Respondents appealed, and this Court denied petitioner's subsequent motion to vacate the statutory stay imposed (*see* CPLR 5519 [a]).*

To be sure, when this matter was last before us, we observed—in a footnote—that, because the issue of retroactive pay *could* be resolved independently of petitioner's disciplinary proceeding, "it should not serve as a basis for any further delay in holding the [subject] disciplinary hearing" (110 AD3d at 1230 n 3). The fair import of such statement was clear—to advise the parties that petitioner's disciplinary hearing should be conducted forthwith and without awaiting a determination as to the amount of back pay due and owing to him. Although Supreme Court facilitated the prompt scheduling of such hearing, no further development of the record as to the compensation issue occurred. Accordingly, Supreme Court's finding that petitioner was entitled to an immediate award of "full pay and benefits" was premature. The judgment is therefore modified, and this matter is remitted to Supreme Court for the holding of a hearing, without delay, at which the parties may present proof relative to both the back pay due to petitioner and respondents' entitlement to an offset, if any.

Peters, P.J., Rose and Lynch, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded petitioner immediate back pay and benefits retroactive to March 10, 2012 and directed that respondents pursue any claim for an offset in a separate action; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

* Counsel for respondents represented to this Court at oral argument that, during the pendency of this appeal, the underlying disciplinary hearing was completed and that the appointing authority, in turn, found petitioner guilty of numerous specifications of misconduct and recommended that he be terminated from his employment.