*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 24, 2016                    519116
_____

In the Matter of JOSEPH W.
    McKAY,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

VILLAGE OF ENDICOTT,
                        Appellant.
_____

Calendar Date:  January 11, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Coughlin & Gerhart LLP, Binghamton (Lars P. Mead of counsel), for appellant.

        Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (Tait, J.), entered February 27, 2014 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, award petitioner retroactive benefits pursuant to General Municipal Law § 207-a.

        The underlying facts are set forth in a prior decision of this Court (113 AD3d 989 [2014], lv dismissed 23 NY3d 1015 [2014]).  Briefly, petitioner was employed by respondent as a firefighter, sustained a work-related injury to his lower back in 2008, and stopped working because of the injury in 2009.  He obtained workers' compensation benefits for that injury and was granted disability benefits pursuant to General Municipal Law

§ 207-a (1), with respondent later attempting to discontinue the latter. Petitioner was eventually found eligible for General Municipal Law § 207-a (1) benefits but, as he had taken a performance of duty disability retirement in the interim, he was no longer entitled to General Municipal Law § 207-a (1) benefits and instead sought post-retirement supplemental benefits made available by General Municipal Law § 207-a (2). Respondent denied the application, prompting petitioner to commence the present CPLR article 78 proceeding. In 2012, Supreme Court granted the petition in part and directed respondent to pay petitioner General Municipal Law § 207-a (2) benefits retroactive to the date of his retirement in 2010, "pending a determination consistent with due process" as to whether they should be terminated.

Respondent appealed from the 2012 judgment and, while that appeal was pending, petitioner submitted a proposed judgment to Supreme Court that would award him a set amount of retroactive benefits (see CPLR 7806; 22 NYCRR 202.48). While the parties dickered over the propriety of issuing a new judgment and the correct amount of retroactive benefits to be awarded, this Court affirmed the 2012 judgment (113 AD3d at 991-993). Supreme Court thereafter issued a judgment in February 2014 that awarded petitioner $67,830.69 in retroactive benefits, interest and costs. Respondent now appeals from the 2014 judgment.[1]

Respondent raises arguments that were addressed in our decision on the appeal from the 2012 judgment, and that ruling constitutes the law of the case. Accordingly, we will only address respondent's claim that Supreme Court erred in calculating the amount of retroactive benefits awarded in the 2014 judgment (see Bell v White, 112 AD3d 1104, 1105 [2013], lv dismissed 23 NY3d 984 [2014]; see e.g. Matter of Hickey v Sinnott, 277 AD2d 572, 573-574 [2000]). After reviewing that claim, we agree that the award of retroactive benefits cannot

---

[1] Petitioner moved to dismiss the appeal on the ground that the 2014 judgment was not appealable as of right (see CPLR 5701 [b] [1]). We denied that motion (2014 NY Slip Op 77553[U]) and decline the urgings of petitioner to revisit the issue.

stand.

On the date that petitioner was granted performance of duty disability retirement benefits, respondent was no longer required to pay his full salary (see General Municipal Law § 207-a [1], [2]). Petitioner was entitled, however, "to receive from [respondent], . . . until such time as he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service, the difference between the amounts received under such allowance or pension and the amount of his regular salary or wages" (General Municipal Law § 207-a [2]; see Matter of Mashnouk v Miles, 55 NY2d 80, 85-86 [1982]). Petitioner suggests otherwise, but the 2012 judgment, and our affirmance thereof, make clear that he was entitled to receive the benefits afforded by General Municipal Law § 207-a (2) until a due process hearing could be conducted to determine whether those benefits should be terminated (113 AD3d at 992-993).

Supreme Court properly directed in the 2014 judgment that respondent pay petitioner General Municipal Law § 207-a (2) benefits retroactive to the date of his 2010 retirement, and the court acknowledged that those benefits must be "reduced by the amount of the [workers' compensation] benefits" that petitioner received as a result of his 2008 injury (General Municipal Law § 207-a [4-a]; see Workers' Compensation Law § 30 [2]).[2] It nevertheless refused "to factor in the receipt" of the workers' compensation benefits — despite being required to do so by the plain language of General Municipal Law § 207-a (4-a) — lamenting the lack of proof to establish the offset amount and directing respondent to seek redress "in whatever forum it deems appropriate." While we agree that the proof presented on the

---

[2]   Respondent has consistently disputed the underlying entitlement of petitioner to General Municipal Law § 207-a (2) benefits and, contrary to petitioner's contention, did not waive its right to seek the offset by raising the issue only when it became clear that petitioner would be awarded retroactive benefits (see e.g. 1982 Ops St Comp No 82-92).

amount of the offset was meager, the award was premature without it.  Rather than countenance the piecemeal efforts of respondent to establish the appropriate offset amount upon this appeal, we deem it prudent to remit the matter "to Supreme Court for the holding of a hearing, without delay, at which the parties may present proof relative to . . .  respondent[']s entitlement to an offset" (Matter of Rea v City of Kingston, 123 AD3d 1401, 1402 [2014]).

        McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


        ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded petitioner General Municipal Law § 207-a (2) benefits retroactive to December 16, 2010; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.




                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court