## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 26, 2016          521541
_____

In the Matter of JOSEPH W.
   McKAY,
                      Petitioner,

         v                                MEMORANDUM AND JUDGMENT

VILLAGE OF ENDICOTT et al.,
                      Respondents.
_____

Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard of counsel), for petitioner.

        Coughlin & Gerhart, LLP, Binghamton (Lars P. Mead of counsel), for respondents.

_____

Lynch, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Mayor of the Village of Endicott denying petitioner's application for General Municipal Law § 207-a (2) benefits.

        Petitioner was employed as a firefighter by respondent Village of Endicott.  In April 2008, while responding to a call, petitioner injured his lower back as he was lifting a homebound person.  In August 2009, he applied for temporary disability benefits pursuant to General Municipal Law § 207-a (1).  The Village initially granted the benefit to petitioner, who, since at least November 2009, has not worked as a firefighter.  In

March 2010, petitioner underwent cervical spine fusion surgery.[1] Thereafter, the Village's Acting Fire Chief wrote to petitioner to advise him that, because his "neck condition" was "not related to the work injury," his General Municipal Law § 207-a benefits were "terminated." Petitioner appealed and, in November 2010, respondent Mayor of the Village appointed a Hearing Officer with regard to the "appeal hearing." In August 2011, after hearing testimony and expert medical evidence, the Hearing Officer found that there was no causal relationship between the cervical spine injury and the April 2008 event. He determined, however, that petitioner was entitled to General Municipal Law § 207-a benefits because there was a causal relationship linking the lower back injury to the accident and no evidence that petitioner's lower back had improved to the point that, but for the intervening cervical spine injury, he would have been able to return to work as a firefighter.

During the pendency of the foregoing, petitioner sought and obtained, in December 2010, performance of duty disability retirement benefits (see Retirement and Social Security Law § 363-c). In response, the Village stopped paying petitioner his General Municipal Law § 207-a (1) benefits. In November 2011, at the Village's request, petitioner applied for supplemental benefits pursuant to General Municipal Law § 207-a (2).[2] In March 2012, petitioner submitted to a medical examination performed by Daniel Carr, an orthopedist retained by the Village.

---

[1]  In February 2011, petitioner had lumbar spine fusion surgery.

[2]  As explained in a prior decision involving this same incident, General Municipal Law § 207-a provides for (1) the payment of full wages until a disability has ceased and (2) where, as here, a firefighter receives a performance of duty disability retirement pursuant to Retirement and Social Security Law § 363-c, the payment of a supplemental benefit calculated as "the difference between the amounts received under such allowance or pension and the amount of his [or her] regular salary or wages" (see Matter of McKay v Village of Endicott, 113 AD3d 989, 990-991 [2014], lv dismissed 23 NY3d 1015 [2014]).

That same day, Carr issued a report finding that the April 2008 low back injury "would not have prohibited [petitioner] from performing his duties as a firefighter and EMT." In May 2012, the Village denied petitioner's "application" for benefits pursuant to General Municipal Law § 207-a (2). Petitioner commenced a CPLR article 78 proceeding to challenge this determination and, in December 2012, Supreme Court (Tait, J.) partially granted petitioner's application finding that the Village could not terminate petitioner's General Municipal Law § 207-a benefits without a hearing.[3]

In August 2012, during the pendency of petitioner's first CPLR article 78 proceeding, the Mayor wrote to the Hearing Officer to confirm his appointment "in the [General Municipal Law] § 207-a (2) appeal case." At the subsequent 2013 hearing to consider petitioner's November 2011 application, the parties presented testimony by petitioner, petitioner's pain management doctor, Kevin Hastings, petitioner's orthopedist, William Lavelle, and Carr. In February 2014, the Hearing Officer issued a decision characterizing the "issue presented" to be whether petitioner was entitled to General Municipal Law § 207-a (2) benefits as a result of the April 2008 lower back injury. The Hearing Officer noted that he was obligated to "uphold" the Village's determination to deny the benefits as long as it was supported by substantial evidence. After summarizing the testimony, the Hearing Officer issued "findings" that petitioner was entitled to General Municipal Law § 207-a (2) benefits based on the "volume of medical evidence" that supported the conclusion that petitioner was "permanently incapacitated from performing his duties, that his disability [was] permanent, and that his disability [was] causally related to the performance of his duties." Specifically, the Hearing Officer "determin[ed] that [petitioner's] workplace injury on April 8, 2008 [was] the cause of his permanent inability to work."

---

[3] In January 2014, this Court affirmed Supreme Court's judgment (Matter of McKay v Village of Endicott, 113 AD3d at 993).

In response to the Hearing Officer's decision, the Mayor, in two letters to petitioner characterized as a "determination" and "revised determination," rejected the Hearing Officer's recommendation to award General Municipal Law § 207–a (2) benefits finding that substantial evidence supported the Village's determination to deny said benefits in May 2012. Petitioner then commenced this CPLR article 78 proceeding to annul the Mayor's determination. Supreme Court (Lebous, J.) determined that the Village was not bound by Hearing Officer's decision and then transferred the proceeding to this Court.

The core issue before us is whether the Hearing Officer's February 2014 decision was a final and binding determination. Because "it has long been recognized that . . . General Muncipal Law § 207-a . . . [was] enacted for the benefit of firefighters . . . who sustain disabling injuries in the line of duty, the statutory provisions are to be liberally construed" (Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 258 AD2d 24, 27 [1999]). Significantly, the statute does not provide a procedure for determining a firefighter's entitlement to benefits, which a municipality may develop provided that it comports with due process (see Matter of Park v Kapica, 8 NY3d 302, 311 [2007]; Matter of Richards v City of Binghamton, 80 AD3d 1022, 1023 [2011]; Local 589, Intl. Assn. of Fire Fighters, AFL-CIO v City of Newburgh, 116 AD2d 396, 398 [1986]). The initial question presented is what procedure, if any, did the Village implement.

Here, there was no negotiated procedure in place nor did the parties present any written policy that governed the termination of existing General Municipal Law § 207-a benefits. Rather, the record shows that the Village simply opted to appoint a hearing officer — first, in 2010 to decide petitioner's entitlement to General Municipal Law § 207-a (1) benefits, and then, in 2012, to decide petitioner's entitlement to General Municipal Law § 207-a (2) benefits. Based on the record, we conclude that Supreme Court's initial finding that the Village was not bound by the Hearing Officer's determination was in error. First, and contrary to respondents' argument, without any statutory or negotiated prohibition or direction, the Village was authorized to delegate its decision-making authority to the

Hearing Officer (see Matter of Richards v City of Binghamton, 80 AD3d at 1022; Matter of Kirley v Department of Fire, City of Oneida, 138 AD2d 842, 844 [1988]; compare Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 497 [2011] [collective bargaining agreement]; Matter of Simpson v Wolansky, 38 NY2d 391, 394 [1975] [Civil Service Law § 75]; Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1029 [2010] [Retirement and Social Security Law § 74]). Second, that the Mayor did, in fact, appoint the Hearing Officer to make a final determination and not a recommendation is apparent from the record before us. Neither the 2010 nor the 2012 appointment was in any way qualified so as to limit the respective Hearing Officers to an advisory role.

Moreover, in our prior decision, we determined that the Village could not terminate benefits payable to petitioner under General Municipal Law § 207-a without a hearing (Matter of McKay v Village of Endicott, 113 AD3d 989, 993 [2014], lv dismissed 23 NY3d 1015 [2014]). Given this procedural due process protection, we consider that hearing to be a de novo assessment of whether petitioner sustained a permanent disability as a result of the 2008 work incident. The Hearing Officer's observation that he was required to uphold the Village's decision if that decision was supported by substantial evidence misstates the standard for, as a matter of due process, it was the Hearing Officer's charge to decide the permanency issue in the first instance based on a fully developed record — which, in fact, he did after assessing the credibility of the witnesses and weighing the testimony. Our review of the hearing transcript before the Hearing Officer and the posthearing submissions further confirms that neither the Hearing Officer nor the parties considered the Hearing Officer to be serving in an advisory capacity. Because the Mayor chose to unilaterally and abruptly change the Hearing Officer's decision to a recommendation, rather than comply with the protocol outlined in the appointment letter, we conclude that the Mayor's February 2014 determinations must be annulled (see Matter of Richards v City of Binghamton, 80 AD3d at 1025). If dissatisfied with the Hearing Officer's determination, the Village's remedy was to challenge that determination in a CPLR article 78 proceeding. In light of our conclusion, it is not necessary to consider the parties' remaining contentions.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ADJUDGED that the determination is annulled, without costs, and petition granted.



ENTER:

Robert D. Mayberger
Clerk of the Court