Matter of McKay v Village of Endicott (2018 NY Slip Op 03404)





Matter of McKay v Village of Endicott


2018 NY Slip Op 03404


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525154

[*1]In the Matter of JOSEPH W. McKAY, Respondent,
v
VILLAGE OF ENDICOTT, Appellant.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Coughlin & Gerhart, LLP, Binghamton (Lars Mead of counsel), for appellant.
McDonough & Artz, PC, Binghamton (Philip J. Artz of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an amended judgment of the Supreme Court (Tait, J.), entered October 14, 2016 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying supplemental benefits to petitioner pursuant to General Municipal Law § 207-a (2).
This matter involves a dispute between petitioner, a disabled firefighter, and respondent, his former employer, as to petitioner's eligibility for disability benefits pursuant to General Municipal Law § 207-a after a 2008 work-related accident. The related facts are described in detail in our decisions in two previous appeals in this CPLR article 78 proceeding (137 AD3d
1462 [2016]; 113 AD3d 989 [2014], lv dismissed 23 NY3d 1015 [2014]) and in our decision in another appeal in a separate CPLR article 78 proceeding arising from the same dispute (Matter of McKay v Village of Endicott, 139 AD3d 1327 [2016], lv denied 28 NY3d 912 [2017]). As pertinent here, this Court held in 2016 that respondent is bound by a Hearing Officer's determination that petitioner is entitled to supplemental permanent disability benefits under General Municipal Law § 207-a (2) for the time period beginning in December 2010, when he began receiving performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 363-c, and continuing until he reaches mandatory service retirement age (id. at 1330-1331). Following that decision, petitioner proposed a judgment in this CPLR article 78 proceeding establishing the amount of retroactive benefits due to him for the period between December 2010 and February 2014. Respondent opposed the judgment, arguing that petitioner's calculation of the amount of his salary for this purpose improperly included certain contractual [*2]payments that he was receiving when he retired [FN1]. In September 2016, Supreme Court (Tait, J.) issued a decision and order finding that the payments were properly included in the calculation of petitioner's benefits, followed by an October 2016 amended judgment that awarded benefits to petitioner for the specified period in an amount based upon that determination. Respondent appeals.
In June 2017, while this appeal was pending, Supreme Court (Lebous, J.) issued a judgment in the separate CPLR article 78 proceeding that directed respondent to pay retroactive supplemental disability benefits to petitioner for the period between December 2010 and February 2014 in the same amount set forth in the October 2016 amended judgment, and that further determined the amount of benefits due to petitioner for the time period beginning in February 2014 and continuing until he reaches mandatory service retirement age [FN2]. The court adhered to the September 2016 decision and, thus, the benefit amounts established by this judgment, like those in the earlier amended judgment, are based upon the inclusion of the disputed contractual payments. Respondent appealed from the June 2017 judgment, raising issues identical to those raised by respondent in the current appeal. For the same reasons set forth in our decision in the separate appeal (see Matter of McKay v Village of Endicott, ___ AD3d ___ [appeal No. 525212, decided herewith]), we find that the challenged payments were properly included in the calculation of petitioner's benefits. Thus, we affirm the October 2016 amended judgment.
Egan Jr., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the amended judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner is entitled to supplemental disability benefits in the amount of the difference between the amounts received from his performance of duty disability retirement benefits "and the amount of his regular salary or wages" (General Municipal Law § 207-a [2]; see Matter of McKay v Village of Endicott, 137 AD3d at 1463).

Footnote 2: The June 2017 judgment provides that, if respondent's obligation to pay retroactive benefits to petitioner under the October 2016 amended judgment has been satisfied, the amount due to him under the later judgment will be reduced by the amount of the earlier obligation.